**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-4841**

———————

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

MARSHALL JERMAINE PARKER,

          Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., District Judge.  (1:07-cr-00058-NCT)

———————

Submitted:  March 31, 2008         Decided:  April 14, 2008

———————

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marshall Jermaine Parker appeals his 100-month sentence for possession of a firearm in commerce after a felony conviction, in violation of 18 U.S.C. § 922(g)(1) (2000). Parker argues that his sentence is unreasonable because it is greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a) (2000).

We review the sentence to determine whether it is reasonable, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 594 (2007). We presume that a sentence imposed within the properly calculated sentencing guidelines range is reasonable. United States v. Go, 517 F.3d 216, ___ (4th Cir. 2008); see Rita v. United States, 127 S. Ct. 2456, 2462-68 (2007). A district court must explain the sentence it imposes sufficiently for us to effectively review its reasonableness, but need not mechanically discuss all the factors listed in § 3553(a). United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006). The court's explanation should indicate that it considered the § 3553(a) factors and the arguments raised by the parties. Id. We do not evaluate the adequacy of the district court's explanation "in a vacuum," but also consider "[t]he context surrounding a district court's explanation." Id. at 381.

The district court imposed a sentence of 100 months' imprisonment, within the advisory guidelines range of 84 to 105 months' imprisonment. Parker contends that a sentence of 84

months' imprisonment, at the low end of the guidelines range, would have adequately deterred him from future criminal activity and allowed him to effectively take part in a substance abuse treatment program. Parker argues that the district court overemphasized his criminal history and did not adequately consider his cooperation with authorities or his family background.

Parker has not overcome the presumptive reasonableness of his sentence within the guidelines range, and the district court did not abuse its discretion. Although the district court did not discuss the § 3553(a) factors individually, it stated that it considered the factors and the arguments raised by the parties in determining Parker's sentence. The district court expressly considered Parker's argument that a sentence at the high end of the guidelines range was greater than necessary to have a deterrent effect, and implicitly considered his arguments for leniency based upon his timely acceptance of responsibility and his family background. The court also considered the evidence in the Presentence Investigation Report, which noted that Parker has several prior convictions for drug offenses that occurred while he was on probation, indicating that his previous sentences have not had a deterrent effect. Accordingly, the district court reasonably determined within its discretion that Parker's criminal history and the nature of the charged offense justified imposing a sentence of 100 months' imprisonment, slightly below the high end of the

guidelines imprisonment range.  Accordingly, we affirm the sentence imposed by the district court.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED