**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-4676**

---

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

JAMES MATTHEW QUATTLEBAUM,

              Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Margaret B. Seymour, District Judge. (3:05-cr-00760-MBS)

---

Submitted:  June 3, 2008                  Decided:  July 2, 2008

---

Before KING, SHEDD, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

W. Michael Duncan, AUSTIN & ROGERS, P.A., Columbia, South Carolina, for Appellant. Kevin F. McDonald, Acting United States Attorney, Stanley D. Ragsdale, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Matthew Quattlebaum pleaded guilty, pursuant to a plea agreement, to conspiracy to manufacture and distribute methamphetamine and cocaine, in violation of 21 U.S.C. § 846 (2000), and was sentenced to 262 months' imprisonment. Quattlebaum appeals, arguing that the court erred by enhancing his sentence based on endangerment to a minor and by denying his motion for a below-guidelines variance sentence.

First, Quattlebaum argues that the district court erred in applying a six-level child endangerment enhancement under U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(b)(6)(C) (2005) (now § 2D1.1(b)(8)(c)), because Quattlebaum did not actually manufacture methamphetamine in the presence of minors. He also points out that the enhancement added over ten years to his minimum Guidelines sentence, exceeding the ten-year maximum penalty to which he would have been subject if convicted of endangerment through the manufacture of methamphetamine under 21 U.S.C. § 858 (2000).[1] Therefore, he contends that his sentence violates his Sixth Amendment rights under United States v. Booker, 543 U.S. 220 (2005).

---

[1]The Government dismissed a charge of creating a risk to human life through the manufacture of methamphetamine in exchange for Quattlebaum's guilty plea to the conspiracy charge. The endangerment charge carried a maximum statutory penalty of ten years. 21 U.S.C. § 858 (2000).

In the plea agreement, however, Quattlebaum stipulated to the application of the endangerment enhancement. The court reviewed, and Quattlebaum confirmed, that stipulation during the plea hearing. Moreover, no Sixth Amendment error occurred because Quattlebaum's sentence does not exceed the statutory maximum for the crime of which he was convicted. Pursuant to 21 U.S.C.A. § 841(b)(1)(A) (West 1999 & Supp. 2008), Quattlebaum faced a maximum life sentence on the conspiracy charge and a mandatory minimum sentence of ten years.[2]

Next, Quattlebaum asserts that the district court erred in denying him a sentencing variance. Following Booker, a district court must engage in a multi-step process at sentencing. First, it must calculate the appropriate advisory Guidelines range. It must then consider the resulting range in conjunction with the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008), and determine an appropriate sentence. United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006).

Appellate review of a district court's imposition of a sentence is for abuse of discretion. Gall v. United States, 128 S. Ct. 586, 597 (2007); see also United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). The appellate court must first ensure that the district court committed no procedural error, such as

---

[2]The conspiracy statute, 21 U.S.C. § 846, provides that the penalties shall be "the same penalties as those prescribed for the [underlying] offense."

"failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range." Gall, 128 S. Ct. at 597. If there are no procedural errors, the appellate court then considers the substantive reasonableness of the sentence. Id. "Substantive reasonableness review entails taking into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Pauley, 511 F.3d at 473 (internal quotation marks omitted).

Here, the district court followed the necessary procedural steps in sentencing Quattlebaum, properly calculating the Guidelines range and considering that recommendation in conjunction with the § 3553(a) factors. While Quattlebaum contends that the court erred in denying his motion for a variance sentence based on the onerous conditions of local custody, no comparative evidence corroborated his assertion that his pretrial confinement was atypically harsh. The district court granted Quattlebaum's request for credit for the time spent in local custody, but

concluded a downward variance was not "appropriate" and imposed the minimum sentence within the Guidelines range.[3]

The district court considered and rejected Quattlebaum's arguments in support of a variance and based its sentence on the Guidelines range and the § 3553(a) factors. We conclude the court did not err in denying the variance motion. Nothing in the record rebuts the presumption that the sentence, within the properly calculated Guidelines range, is reasonable. United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008) ("If the sentence is within the Guidelines range, we apply a presumption of reasonableness."); see Rita v. United States, 127 S. Ct. 2456, 2462-68 (2007) (holding court of appeals may apply such a presumption of reasonableness). Accordingly, we affirm Quattlebaum's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[3]Quattlebaum points to several decisions from other jurisdictions holding that extremely harsh conditions of pretrial confinement may be a mitigating circumstance justifying the imposition of a below-guidelines sentence. See, e.g., United States v. Carty, 264 F.3d 191, 196 (2d Cir. 2001) (per curiam). Nothing in the decisions cited by Quattlebaum leads to the conclusion that the district court abused its discretion in denying Quattlebaum's motion for a variance in this case.