# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                          No. 06-4763

EMERSON REYES GO,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Gerald Bruce Lee, District Judge.
(1:05-cr-00346-GBL)

Argued: December 7, 2007

Decided: February 22, 2008

Before NIEMEYER and GREGORY, Circuit Judges,
and Henry F. FLOYD, United States District Judge for the District
of South Carolina, sitting by designation.

Affirmed by published opinion. Judge Gregory wrote the opinion, in
which Judge Niemeyer and Judge Floyd joined.

## COUNSEL

**ARGUED:** Timothy Joseph Sullivan, BRENNAN, SULLIVAN &
MCKENNA, L.L.P., Greenbelt, Maryland, for Appellant. Eric J. Hei-
mann, Special Assistant United States Attorney, OFFICE OF THE
UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.
**ON BRIEF:** William C. Brennan, Jr., BRENNAN, SULLIVAN &

MCKENNA, L.L.P., Greenbelt, Maryland, for Appellant. Chuck Rosenberg, United States Attorney, Daniel Grooms, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

---

**OPINION**

GREGORY, Circuit Judge:

A jury convicted Emerson Reyes Go ("Go") of conspiracy to distribute methamphetamine and a mixture containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The jury acquitted him of possession of a firearm in furtherance of drug trafficking. The district court sentenced Go to 188 months imprisonment, a sentence at the bottom of the United States Sentencing Guidelines ("Guidelines") range. On appeal, Go contends that the district court found that it did not have the authority to impose a sentence below the Guidelines range. Go also argues that the sentence imposed is unreasonable. We disagree and affirm the sentence imposed.

I.

For approximately one year Go participated in a conspiracy to distribute methamphetamine. He ran errands for the drug operation and regularly received crystal methamphetamine as payment. Specifically, Go recruited customers, personally delivered methamphetamine, drove to New Jersey to retrieve approximately $18,000 in drug proceeds, received wire transfers for drug proceeds on behalf of the drug operation, and delivered a package containing a large quantity of methamphetamine from one co-conspirator's residence to another co-conspirator's residence.

On May 1, 2005, the FBI executed a search warrant at the residence of Go's co-conspirators. The FBI discovered loaded firearms and methamphetamine. The FBI found Go hiding under a tarp in the detached garage. They arrested Go along with several of his co-conspirators.

A grand jury returned a two-count indictment against Go charging him with (1) conspiracy to distribute 50 grams or more of methamphetamine and conspiracy to distribute 500 grams or more of a mixture containing a detectable amount of methamphetamine, and (2) possession of a firearm in furtherance of drug trafficking. At trial, several of Go's co-conspirators testified against him. Go testified in his own defense, denying that he participated in the conspiracy and asserting that he only used drugs. The jury convicted Go of Count One and acquitted him of Count Two.

The United States Probation Office ("Probation Office") calculated an offense level of 38: a base level of 36 for conspiracy to distribute at least 500 grams but less than 1.5 kilograms of actual methamphetamine and a two-level enhancement for possession of a deadly weapon. Based on Go's testimony at trial where he denied participation in the conspiracy, the Probation Office added a two-level upward adjustment for obstruction of justice under U.S.S.G. § 3C1.1, for a total adjusted offense level of 40. With a criminal history category of I, Go's Guidelines sentencing range was 292 months to 365 months of imprisonment. Both Go and the Government filed objections to the pre-sentencing report ("PSR") with the district court.

The Government argued that Go's base level offense should be 38 because he distributed more than 1.5 kilograms of methamphetamine. Go objected to (1) the two-level enhancement for possession of a dangerous weapon, (2) the two-level obstruction of justice enhancement, (3) the failure to find that he accepted responsibility under U.S.S.G. § 3E1.1, and (4) the failure to find that he accepted responsibility for his role in the offense and the drug quantity. At the sentencing hearing, the district court declined to add the two-level obstruction of justice enhancement and found that Go deserved a two-level reduction adjustment for his role in the offense. But the district court refused to give Go credit for acceptance of responsibility and found that a two-level upward adjustment for possession of a dangerous weapon was appropriate. Consequently, Go's adjusted offense level was 36. His offense level combined with a criminal history category of I established a Guidelines sentencing range of 188 to 235 months.

The Government also argued for a sentence within the Guidelines range and stated that a sentence at the low end of the range would be

appropriate. Go requested a sentence below the Guidelines range, specifically, a sentence close to the statutory mandatory minimum of 10 years. The district court sentenced Go to 188 months imprisonment. He timely appealed.

## II.

We review a district court's imposition of a sentence under an abuse-of-discretion standard. *Gall v. United States*, 128 S. Ct. 586, 597 (2007). We first ensure that the district court committed no procedural error, such as "failing to calculate (or improperly calculating) the Guideline range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guideline range." *Id.*

Assuming that the district court's sentencing decision is procedurally sound, we then consider the substantive reasonableness of the sentence imposed. *Id.* When conducting this review, we take into account the totality of the circumstances, including the extent of any variance from the Guidelines range. If the sentence is within the Guidelines range, we apply a presumption of reasonableness. *United States v. Battle*, 499 F.3d 315, 322 (4th Cir. 2007). However, we do not apply a presumption of unreasonableness to a sentence imposed outside the Guidelines range. *Gall*, 128 S. Ct. At 597. We consider the extent of the deviation, giving due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance. The fact that we might reasonably conclude that a different sentence is appropriate is insufficient to justify reversal of the district court. *Id.*

## III.

Go asserts that the district court erred on two grounds. We address each claim in turn.

## A.

Go contends that "the district court did not believe it could lawfully impose a sentence outside of the advisory guidelines range and/or a

variance sentence without committing reversible error." (Appellant's Br. 22.) Go selectively quotes from the sentencing record where the district court stated:

> Now, as it relates to sentencing, this is a case where I have to, first of all, as I just did, explain what the Sentencing Guidelines are because the law requires the judge to calculate the guidelines and then I've got to determine whether or not a sentence within that range served the factors as set forth in the law.

> The Fourth Circuit has told me that they think that any sentence within the guidelines range is presumptively reasonable. And so as a judge I have to take into consideration the Court of Appeals has told us that we have to consider the guideline range as presumptively reasonable.*

> That may mean that the guidelines are still mandatory. I don't know. But it sure sounds like when they say that they're reasonable that they're saying if a judge gives a sentence outside the guidelines, then it's per se not reasonable.

> There are cases that say that it is not a proper application of the law and maybe some day the Supreme Court will decide that. But the point is at this moment, I'm bound to apply the guidelines as a reasonable range of punishment.

> ***

> Having said all that, I think that I am confined to the statutory determination, the mandatory minimum of ten years is called for here. And I'm also confined to, I think, comparing your sentence to those of other defendants.

---

*Notwithstanding this comment, we note that Go does not contend that the district court treated the advisory Guidelines range as presumptively reasonable. The record clearly indicates that the district court did *not*. We recognize, however, that if the district court had done so, it would have erred. *See Gall*, 128 S. Ct. at 596-97; *Rita v. United States*, 127 S. Ct. 2456, 2465 (2007).

Therefore, it's the judgment of the Court that you be sentenced to served [sic] 188 months in the custody of the Bureau of Prisons. Upon your release from incarceration, I'm going to require you to serve a five-year term of supervised release. And I will recommend to the Bureau of Prisons that you participate in the 500-hour Intensive Drug Treatment Program and I'll grant your request that the Bureau of Prisons consider you for the Cumberland, Maryland, facility which is close to your family.

\*\*\*

So [sic] be clear, I've given you 188 months to serve. I think that's consistent with the sentences the other individuals received in the case and five years supervised release with the conditions I just enumerated.

(J.A. 209-210, 213-214.)

Missing from Go's briefs is the portion of the sentencing record which clearly cuts against his claim. After calculating the appropriate Guidelines sentencing range, the district court stated that "Congress has set forth a range of punishment that I have to choose from, and that range of punishment is what I said earlier, 188 months to 235 months." (J.A. 211.) The district court then stated after "taking [the Guidelines range] into account," it then had to make "a judgment about whether there are particular circumstances concerning your case that a sentence less than 188 months would be sufficient and not greater than necessary to acquire—to impose proper punishment." (J.A. 211.) The district court considered its desire "to deter future criminal conduct by others and by [Go]," as well as Go's "good work record." (J.A. 211.) The district court ultimately decided that it was important to impose a sentence "consistent with that imposed in other courts for people who are involved with dealing in methamphetamine," and therefore gave Go a sentence within the Guidelines range. (J.A. 211-212.) The district court imposed a sentence at the lowest end of that range.

It is clear from the sentencing record that the district court was not under the misapprehension that it could not impose a sentence outside

of the advisory Guidelines range. Thus, we disagree with Go's contention otherwise.

## B.

Next, Go argues unpersuasively that even if the district court understood its authority to impose a variance sentence, his sentence was unreasonable. We disagree. After correctly calculating the Guidelines range, the district court considered the § 3553(a) factors and gave due consideration to whether there were any circumstances in Go's case that would warrant imposing a sentence below the Guidelines range. The district court then imposed a sentence at the very bottom of the range. As we have held before, a sentence imposed within the Guidelines sentencing range is presumptively reasonable. *See, e.g.*, *Battle*, 499 F.3d at 322; *see also Rita*, 127 S. Ct. at 2462 (holding the courts of appeals may apply a presumption of reasonableness to within-Guidelines sentences); *Gall*, 128 S. Ct. at 597 (2007). We find that the district court's decision to sentence Go to 188 months is reasonable.

## IV.

For the foregoing reasons, we affirm the district court's decision.

*AFFIRMED*