**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-5085**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

DONNELL ALEXANDER TAYLOR, a/k/a Juice,

            Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:05-cr-00297-FDW-DCK-1)

Submitted:  May 22, 2008              Decided:  July 8, 2008

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Aaron E. Michel, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Cortney Escaravage, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donnell Alexander Taylor appeals his convictions by a jury and 540-month sentence for possession with intent to distribute five grams or more of cocaine base, possession of a firearm in relation to a drug trafficking offense, and possession of a firearm by a convicted felon. He argues on appeal that the district court erred in denying his motion to suppress evidence, the evidence was insufficient to support his convictions, the court erred in denying his motion for a new trial, and his sentence is procedurally and substantively unreasonable. Finding no reversible error, we affirm.

Taylor first argues the court erred in denying his motion to suppress evidence uncovered in a search of his residence. We review the factual findings underlying a district court's motion to suppress ruling for clear error, and the legal determinations de novo. United States v. McCoy, 513 F.3d 405, 410 (4th Cir. 2008), petition for cert. filed, __ U.S.L.W. __ (U.S. Apr. 18, 2008) (No. 07-10497). When a suppression motion has been denied, we review the evidence in the light most favorable to the Government. United States v. Colonna, 511 F.3d 431, 434 (4th Cir. 2007).

"[A] search authorized by consent is wholly valid." Schneckloth v. Bustamonte, 412 U.S. 218, 222 (1973). The Government bears the burden of proving by a preponderance of the evidence that consent was freely and voluntarily given. Id.;

United States v. Matlock, 415 U.S. 164, 177 (1974).  The voluntariness of consent is a question of fact to be determined by an examination of the totality of the circumstances.[1]  Id. at 233, 248-49; see Ohio v. Robinette, 519 U.S. 33, 39-40 (1996).  Our review of the record leads us to conclude the district court did not clearly err in determining that Taylor's consent to the entry and search of his residence was voluntary.

Taylor also contends that his custodial statement should have been suppressed because he was not advised of his rights under Miranda v. Arizona, 384 U.S. 436 (1966).  However, the district court found the arresting officer asked Taylor only routine booking questions that do not require Miranda warnings.  See Pennsylvania v. Muniz, 496 U.S. 582, 601-02 (1990).  The court also concluded that Taylor spontaneously admitted to selling drugs, and Miranda does not apply to statements not made in response to police interrogation.  Rhode Island v. Innis, 446 U.S. 291, 300 (1980); United States v. Payne, 954 F.2d 199, 203 (4th Cir. 1992).  Thus, the district court did not err in denying Taylor's motion to suppress.[2]

---

[1]Taylor's arguments that the burden of proof to establish consent should be beyond a reasonable doubt and hearsay testimony should not be admissible in a suppression hearing are contrary to well-settled law.  See Matlock, 415 U.S. at 177, 172-75.

[2]We reject Taylor's assertion that his confession was inadmissible under Fed R. Evid. 403.  Taylor did not object at trial to the admission of the statement and the court did not plainly err in admitting the evidence.  There is no basis to

Taylor next argues that the evidence was insufficient to prove that he knowingly possessed drugs, that he had the intent to distribute drugs, and that the weapon found in the search met the statutory definition of a firearm. We review de novo the denial of a Fed. R. Crim. P. 29 motion for judgment of acquittal. United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). Where, as here, the motion was based on a claim of insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942).

In order to establish possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a) (2000), the Government must prove beyond a reasonable doubt that the defendant: (1) knowingly; (2) possessed the controlled substance; (3) with the intent to distribute it. United States v. Burgos, 94 F.3d 849, 873 (4th Cir. 1996) (en banc). Possession may be actual or constructive. Id. To establish constructive possession, there must be evidence showing the defendant has ownership, dominion, or control over the contraband itself or of the premises or vehicle where the contraband is found. United States v. Singleton, 441 F.3d 290, 296 (4th Cir. 2006); United States v. Rusher, 966 F.2d 868, 878 (4th Cir. 1992).

conclude that Taylor's statement was unreliable, and Taylor cannot establish that the evidence was unfairly prejudicial or that any prejudice substantially outweighed its probative value.

Taylor does not dispute that he was the sole occupant of the residence. One of the bags containing cocaine base was in plain view in his bedroom, as were digital scales and a plate with cocaine residue and razor blades. Additionally, Taylor admitted that he sold drugs, and he had over $900 on his person. Viewed in the light most favorable to the Government, this evidence was sufficient for a reasonable jury to conclude Taylor knowingly possessed the drugs with intent to distribute.

Turning to the firearm offenses, to establish a violation of 18 U.S.C.A. § 924(c)(1) (West 1999 & Supp. 2008), "the government must prove that the defendant used or carried a firearm during and in relation to a drug trafficking crime or possessed a firearm in furtherance of a drug trafficking crime." United States v. Stephens, 482 F.3d 669, 673 (4th Cir. 2007). The evidence revealed that Taylor had a shotgun in plain view within a few feet of where the drugs were located. The evidence also disclosed that according to the police officers' training and experience, drug distributors regularly possess weapons to protect themselves and their supplies. This evidence was sufficient to support Taylor's conviction under § 924(c).

In order to convict Taylor under 18 U.S.C. § 922(g)(1) (2000), the Government had to establish that "(1) the defendant previously had been convicted of a [felony] . . . ; (2) the defendant knowingly possessed . . . the firearm; and (3) the

- 5 -

possession was in or affecting commerce, because the firearm had traveled in interstate or foreign commerce at some point during its existence." United States v. Moye, 454 F.3d 390, 395 (4th Cir.) (en banc) (internal quotation marks and citation omitted), cert. denied, 127 S. Ct. 452 (2006). Taylor contends the evidence was insufficient for a reasonable juror to conclude the shotgun found in his bedroom was a firearm because the Government's attorney did not use the precise statutory language when asking the ATF agent to identify the shotgun as a firearm. Nevertheless, the evidence was sufficient for the jury to conclude that the shotgun was a firearm within the meaning of the statute. Because the evidence was sufficient to support all of Taylor's convictions, we conclude the district court did not err in denying the Rule 29 motion.

Taylor also contends the district court erred in denying his motion for a new trial. A district court may grant a defendant's motion for a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). A district court must sparingly exercise the discretion to grant a new trial, and "should do so only when the evidence weighs heavily against the verdict." United States v. Singh, 578 F.3d 236, 239 (4th Cir. 2008) (internal quotation marks and citation omitted). This court reviews the denial of a Rule 33 motion for abuse of that discretion. United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006).

Taylor raised only evidentiary insufficiency in support of his motion for a new trial.  We have found the evidence to be sufficient to support each of Taylor's convictions.  On appeal, Taylor suggests that the district court should have granted his motion on the basis of improperly admitted, prejudicial hearsay testimony.  At trial, the police officers testified about a drug-dealing complaint in order to explain why they initiated contact with Taylor.  This evidence was not inadmissible because "an out of court statement is not hearsay if it is offered for the limited purpose of explaining why a government investigation was undertaken."[3]  United States v. Love, 767 F.2d 1052, 1063 (4th Cir. 1985).

Finally, Taylor challenges his sentence.  He asserts the sentence is procedurally flawed in that the district court improperly applied the appellate standard in imposing Taylor's sentence.  It is well-settled that we presume a sentence imposed within the properly calculated guidelines range is reasonable. United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008); see Rita v. United States, 127 S. Ct. 2456, 2462-68 (2007).  However, a district court may not use such a presumption in sentencing.  Rita,

---

[3]The district court correctly sustained Taylor's objection to an officer's testimony about general "complaints about the residence" prior to the complaint that instigated the police contact on the night of the search.

127 S. Ct. at 2465. In sentencing a defendant after Booker,[4] a district court must engage in a multi-step process. First, the court must correctly calculate the appropriate advisory guidelines range. Gall v. United States, 128 S. Ct. 586, 596 (2007). The court then must consider that range in conjunction with the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008) factors. Id. Appellate review of a district court's imposition of a sentence is for abuse of discretion. Id.; see also United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

The district court did not procedurally err in imposing Taylor's sentence. The court explicitly acknowledged its lawful authority to impose a sentence outside of the guidelines range. The language of the district court throughout sentencing confirms that the court did not apply the appellate presumption of reasonableness in imposing a sentence within the guidelines range. See Go, 517 F.3d at 219-20.

Taylor challenges the substantive reasonableness of his 540-month sentence. In its consideration of the § 3553(a) factors, the district court determined that the sentence selected was necessary to achieve the goals of sentencing, in particular to protect the public from further crimes, to promote respect for the law, and to deter others from criminal conduct. The court stated that Taylor's statements evinced a refusal to recognize that he had

---

[4]United States v. Booker, 543 U.S. 220 (2005).

led a "life of crime."  Nothing in the record indicates the court imposed a longer sentence in order to punish Taylor for his insistence that the search of his home was unlawful.  In addition, the transcript reveals that the court's conclusion that Taylor had led a life of crime was based on Taylor's substantial criminal history, which failed to demonstrate any "serious history of rehabilitation."  The district court did not abuse its discretion in sentencing Taylor.

Accordingly, we affirm Taylor's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED