**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4893**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JASON A. LEWIS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Chief District Judge.  (3:06-cr-00384-RJC)

Submitted:  July 11, 2008               Decided:  August 19, 2008

Before TRAXLER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

S. Frederick Winiker, III, WINIKER LAW FIRM, PLLC, Charlotte, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jason A. Lewis was convicted by a jury of one count of conspiracy to commit aggravated identity theft, access device fraud, mail fraud, and bank fraud, in violation of 18 U.S.C. § 371 (2000) (Count One); eight counts of aggravated identity theft, in violation of 18 U.S.C. §§ 2, 1028(a)(1) (2000) (Counts Two - Nine); one count of access device fraud, in violation of 18 U.S.C. §§ 2, 1029(a)(2) (2000) (Count Ten); one count of mail fraud, in violation of 18 U.S.C. § 1341 (2000) (Count Eleven); and seven counts of bank fraud, in violation of 18 U.S.C. §§ 2, 1344 (2000) (Counts Twelve - Eighteen). He appeals his sentence. We affirm.

In the presentence report (PSR), the probation officer grouped Counts One and Ten through Eighteen pursuant to U.S. Sentencing Guidelines Manual (USSG) § 3D1.2(d) (2006). To determine the amount of loss attributable to Lewis, the probation officer used the $27,000 daily credit limit on the fraudulent debit card for each of the six days Lewis possessed the card, for a total of $162,000 as intended loss. The PSR recommended a base offense level of seven pursuant to § 2B1.1(a)(1); a ten-level enhancement pursuant to § 2B1.1(b)(1)(F) based on the intended loss of $162,000; a two-level enhancement pursuant to § 3B1.1(c) because Lewis was the organizer or leader of these offenses; and other enhancements not in dispute on appeal. The total offense level was twenty-five, which combined with Lewis' criminal history category

- 2 -

of I yielded a sentencing range for the grouped counts of fifty-seven to seventy-one months. The Guidelines sentence on Counts Two through Nine was two years of imprisonment that could run concurrently with each other but must run consecutively to the sentence on the grouped counts.

Lewis objected to the intended loss calculation. He contended that the loss should be limited to the amount obtained or that he attempted to obtain, which was between $5000 and $10,000, which yielded only a two-level enhancement. He also asserted that the use of the credit limit of the card multiplied by the six days he possessed the card was excessive, as the indictment charged actions related to the card on only two days. Lewis also objected to the enhancement for his role in the offense, asserting that he and his co-defendant acted together with neither being a leader. At sentencing the district court sustained Lewis' objection to an enhancement for obstruction of justice, which reduced his offense level on the grouped counts to twenty-three and reduced the Guidelines range to forty-six to fifty-seven months. The court overruled all other objections to the PSR and sentenced Lewis to concurrent fifty-seven-month terms of imprisonment on Counts One and Ten through Eighteen and twenty-four months on Counts Two through Nine, concurrent with each other but consecutive to the sentence on counts One and Ten through Eighteen, for a total sentence of eighty-one months of imprisonment, three years of

supervised release, an $1800 special assessment, and restitution of $1410.88.

Lewis first argues that the district court erroneously enhanced his offense level by two levels for holding a leadership role. The district court's determination that the defendant warrants a sentence enhancement is reviewed for clear error. United States v. Sayles, 296 F.3d 219, 224 (4th Cir. 2002). "Leadership over only one other participant is sufficient as long as there is some control exercised." United States v. Rashwan, 328 F.3d 160, 166 (4th Cir. 2003). Our review of the record leads us to conclude that the district court did not err in imposing the enhancement for a leadership role.

Lewis also argues that the district court erred in determining the intended loss amount used to calculate his offense level. He argues that use of the daily credit limit of the debit card as the intended loss was not supported by the record, and that imposition of a ten-level enhancement as a result of using this amount does not adequately take into account the factors in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008). This court reviews de novo the district court's legal interpretation of the term "loss" as used in the Sentencing Guidelines. United States v. Castner, 50 F.3d 1267, 1274 (4th Cir. 1995). The district court's determination of the amount of loss is a factual matter reviewed for clear error. Id. Enhancements under § 2B1.1(b) are determined

by the amount of loss suffered as a result of the fraud. The amount of loss is the greater of the actual loss or the intended loss. USSG § 2B1.1, comment. (n.3(A)). The intended loss amount may be used, "even if this exceeds the amount of loss actually possible, or likely to occur, as a result of the defendant's conduct." United States v. Miller, 316 F.3d 495, 501-03 (4th Cir. 2003).

When the loss must be estimated, "the court need only make a reasonable estimate of the loss." USSG § 2B1.1, comment. (n.3(C)). In offenses involving unauthorized access devices, other than telecommunications devices, the loss is not less than $500 per access device. USSG § 2B1.1, comment. (n.3(F)(I)). The Government argues that the district court properly used the daily credit limit for the debit card to determine the intended loss, citing decisions from three circuits that approved this application of the Guideline. See United States v. Manoocher Nosrati-Shamloo, 255 F.3d 1290, 1291-92 (11th Cir. 2001); United States v. Egemonye, 62 F.3d 425, 428-29 (1st Cir. 1995); United States v. Sowels, 998 F.2d 249, 251 (5th Cir. 1993). We find this reasoning persuasive, and conclude that the district court did not clearly err in using the daily credit limit multiplied by the number of days Lewis possessed the debit card as an estimate of intended loss.

Lewis' second argument concerning the amount of loss is also without merit. Although it is not clearly articulated, he

apparently argues that in imposing a sentence based on the ten-level enhancement for amount of loss, the district court did not adequately consider the § 3553(a) factors. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007). As discussed above, Lewis' Guidelines range was correctly calculated, and the record reveals that the district court explicitly stated that it considered the § 3553(a) factors, and explained its reasons for selecting the sentence imposed. Lewis' sentence is thus without procedural defect. This court presumes that a sentence imposed within the properly calculated Guidelines range is reasonable. United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008); see Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for within-Guidelines sentence). The record contains nothing that indicates the district court abused its discretion in selecting the sentence.

Accordingly, we affirm Lewis' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED