**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4075**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

DEBORAH LOVING,

        Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Walter D. Kelley, Jr., District Judge. (2:07-cr-00066-WDK-JEB-1)

Submitted: October 30, 2008     Decided: November 25, 2008

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Keith Loren Kimball, Assistant Federal Public Defender, Norfolk, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, Alan M. Salsbury, Assistant United States Attorney, Marin B. Hoplamazian, Third Year Law Student, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Deborah Loving was convicted by a jury of health care fraud, 18 U.S.C. § 1347 (2006) (Count 1), and false statements relating to health care matters, 18 U.S.C. § 1035 (2006) (Counts 2-30). She received a sentence of forty-one months imprisonment. Loving appeals her sentence, contesting the district court's determination that she abused a position of trust, U.S. Sentencing Guidelines Manual § 3B1.3 (2007), and arguing that the district court mistakenly believed it lacked authority to impose a variance sentence below the guideline range under 18 U.S.C. § 3553(a) (2006). We affirm.

Loving, who was a registered nurse, owned and operated a private care nursing service which served Medicaid patients. To qualify for Medicaid reimbursement, Loving was required to employ an approved registered nurse to supervise all her personal care aides and visit each patient every thirty days. She also had to provide documentation showing that her personal care aides had completed a forty-hour training program approved by the Virginia Department of Medical Assistance Services, and provide a criminal history background check for each aide to show that none of them had been convicted of certain crimes that would disqualify them from working with the elderly and disabled. Loving did not comply with these requirements. When her company was audited, she falsely claimed to have employed

2

until recently a registered nurse named Nataly Alfrede, for whom she provided a fake resume and licensing information. She also gave the auditors thirty-three faked criminal background checks. At trial, Loving testified that she had performed the monthly supervisory visits herself, and denied creating the fake criminal background checks. She said Nataly Alfrede was a real person she had hired, but who failed to show up for work, although the auditors found no evidence that such a person existed.

In sentencing Loving, the district court gave her a two-level adjustment for abuse of a position of trust, finding that its decision was controlled by United States v. Bolden, 325 F.3d 471, 504-05 (4th Cir. 2003) (applying abuse of trust adjustment to nursing home operator who carried out scheme to defraud Medicaid). The court decided against a downward variance sentence and sentenced Loving at the bottom of the advisory guideline range.

Under § 3B1.3, an adjustment is required if "the defendant abused a position of public or private trust . . . in a manner that significantly facilitated the commission or concealment of the offense." A "position of trust" is "characterized by professional or managerial discretion." USSG § 3B1.1, comment. (n.1). This court reviews de novo the district court's determination that the defendant held a

3

position of trust under § 3B1.3, and reviews the factual findings that support the adjustment for clear error. United States v. Ebersole, 411 F.3d 517, 535-36 (4th Cir. 2005); United States v. Caplinger, 339 F.3d 226, 235-36 (4th Cir. 2003). Loving argues on appeal that she did not occupy a position of trust with respect to Medicaid because she did not receive "prospective payments" from Medicaid, as the defendants in Bolden did in connection with their operation of a nursing home. However, the timing of payments fraudulently obtained from Medicare or Medicaid is not significant. See United States v. Hoogenboom, 209 F.3d 665, 671 (7th Cir. 2000) (psychologist who billed Medicare for services not provided abused position of trust); United States v. Gieger, 190 F.3d 661, 665 (5th Cir. 1999) (owners of ambulance service who falsely billed Medicare for non-ambulatory patients abused position of trust).

Loving also contends that her relationship with Medicaid was merely contractual, not fiduciary, because Medicaid required her to provide certain services without giving her any discretion about what services to render, such as a physician dealing with Medicaid might have. Loving relies on United States v. Mills, 138 F.3d 928, 941 (11th Cir. 1998) (following United States v. Garrison, 133 F.3d 831, 838 (11th Cir. 1998)), and United States v. Williams, 527 F.3d 1235 (11th Cir. 2008). In Williams, which involved wire fraud and theft of federal

4

funds in a federal program for community service, the Eleventh Circuit reiterated its view, set out in Mills and Garrison, that "lying to Medicare did not constitute any breach of public trust," and stated that, "for the abuse-of-trust adjustment to apply in the fraud context, there must be a showing that the victim placed a special trust in the defendant beyond ordinary reliance on the defendant's integrity and honesty that underlies every fraud scenario." Williams, 527 F.3d at 1250-51.

Loving's argument is unavailing because, in Bolden, we rejected the Eleventh Circuit's approach and agreed with the Second Circuit that "[b]ecause of the discretion Medicaid confers upon care providers . . . such providers owe a fiduciary duty to Medicaid." Bolden, 325 F.3d at 471 n.1 ("[W]e see it as paramount that Medicaid be able to 'trust' its service providers") (citing United States v. Wright, 160 F.3d 905, 910-11 (2d Cir. 1998)). Therefore, we conclude that the district court did not err in deciding that Loving had a position of trust.

On appeal, Loving argues for the first time that the abuse of trust adjustment should not apply because the conduct on which it is based is the same as the offense for which she was convicted. Because Loving did not raise the issue of double counting in the district court, our review is for plain error. United States v. Olano, 507 U.S. 725, 732-37 (1993).

5

Guideline section 3B1.3 expressly provides that, "[t]his adjustment may not be used if an abuse of trust or skill is included in the base offense level or specific offense characteristic." Loving contends that both her base offense level under § 2B1.1 and the adjustment for abuse of a position of trust under § 3B1.3 were based on the submission of false information to Medicaid. Her reliance on United States v. Cruz-Laureano, 440 F.3d 44, 48-49 (1st Cir. 2006), is misplaced because her abuse of trust was not addressed either in the base offense level under § 2B1.1 or in a specific offense characteristic.

In addition, Loving relies on the alternative holding in Garrison that it was impermissible double counting to give an adjustment for abuse of trust when the conduct underlying the adjustment and the "base fraud crime" (submission of false statements for Medicare reimbursement) was the same. See Garrison, 133 F.3d at 842-43. Last, she cites United States v. Broderson, 67 F.3d 452, 456 (2d Cir. 1995), which held that "[t]he conduct that is the basis of the conviction must be independently criminal . . . and not itself the abuse of trust." However, we have not adopted the Eleventh Circuit's restrictive holding on double counting in fraud offenses. We are satisfied that the district court did not plainly err in giving Loving an adjustment for abuse of a position of trust.

6

Finally, Loving contends that the district court erroneously believed it lacked the authority to impose a sentence below the guideline range based solely on its view that the guideline was too high for her offense, in effect treating the guideline as mandatory. In imposing Loving's sentence, the court stated the following:

> [W]hile I think that the guideline range is probably too harsh for what you did, I don't think it's too harsh for what you did in the sense of the billing problems. I don't think it's too harsh in terms of what followed next and all of the creation of documents and the falsifications and then the lying on the stand.

A sentence is reviewed for abuse of discretion, <u>Gall v. United States</u>, 128 S. Ct. 586, 597 (2007), with the review encompassing both procedural soundness and substantive reasonableness. <u>Id.</u> In <u>Gall</u> and in <u>Kimbrough v. United States</u>, 128 S. Ct. 558 (2007), the Supreme Court clarified the sentencing judge's authority to impose a sentence outside the guideline range "based solely on the judge's view that the Guidelines range fails properly to reflect § 3553(a) considerations." <u>Kimbrough</u>, 128 S. Ct. at 575 (internal quotation and citation omitted). Loving was sentenced before <u>Gall</u> and <u>Kimbrough</u> were decided, so the district court did not have the benefit of those decisions.

Either treating the Guidelines as mandatory or failing to consider the § 3553(a) factors adequately would constitute a

7

"significant procedural error." Gall, 128 S. Ct. at 597. However, in this case, after stating its belief that the guideline range was too severe for the crime Loving committed, the court went on to say that the guideline range was not too harsh in light of her attempt to cover up the crime, which led her to create false documents of various kinds and ultimately to commit perjury at her trial. Thus, the court concluded that the guideline range was not too high in light of Loving's overall conduct, and that none of the § 3553(a) factors warranted a sentence outside the guideline range.

Applying a presumption of reasonableness to the guideline sentence, see United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008); see also Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for within-guideline sentence), we conclude that Loving has not rebutted the presumption and that her sentence is reasonable.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

8