**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 08-4688**

───────────

UNITED STATES OF AMERICA,

　　　　　　　Plaintiff - Appellee,

　　　v.

GLENN MAYNOR,

　　　　　　　Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.　Terrence W. Boyle,
District Judge.　(7:07-cr-00104-BO-1)

───────────

Submitted:　January 20, 2009　　　Decided:　February 9, 2009

───────────

Before MICHAEL, TRAXLER, and DUNCAN, Circuit Judges.

───────────

Vacated and remanded by unpublished per curiam opinion.

───────────

John P. O'Hale, NARRON, O'HALE & WHITTINGTON, PA, Smithfield,
North Carolina; Douglas Parsons, JOHNSON & PARSON, Clinton,
North Carolina, for Appellant. George E. B. Holding, United
States Attorney, Anne M. Hayes, Jennifer P. May-Parker,
Assistant United States Attorneys, Raleigh, North Carolina, for
Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Glenn Maynor appeals from his seventy-two month sentence entered pursuant to his guilty plea to conspiracy to commit an offense against the United States and perjury. Maynor's advisory Guidelines range was eighteen to twenty-four months in prison. On appeal, Maynor asserts that his sentence was procedurally and substantively unreasonable. Because we agree that the district court made significant procedural error, we vacate and remand for another sentencing hearing.

A district court must engage in a multi-step process at sentencing. First, it must calculate the appropriate advisory Guidelines range. It must then consider the resulting range in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2006) and determine an appropriate sentence. Gall v. United States, 128 S. Ct. 586, 596 (2007). Courts of appeal review a sentence for reasonableness, applying an abuse of discretion standard. Id. at 597; United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008). We must first determine that the district court did not commit any "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence - including an explanation for any deviation

2

from the Guidelines range." Gall, 128 S. Ct. at 597. We then consider the substantive reasonableness of the sentence, and may apply a presumption of reasonableness to a within-Guidelines sentence. Go, 517 F.3d at 218; see Gall, 128 S. Ct. at 597.

Maynor claims that his sentence was procedurally unreasonable on two bases: (1) the court was required to first consider a departure sentence, and (2) the court did not adequately explain the chosen sentence. Addressing the first argument, we have held that, prior to imposing a variance sentence, the district court should consider the propriety of a traditional departure under the Guidelines. See United States v. Fancher, 513 F.3d 424, 427 n.1 (4th Cir. 2008). Here, the presentence report ("PSR") alerted the court to the possibility of departure under U.S. Sentencing Guidelines Manual § 5K2.21 (2007) (upward departure based on dismissed or uncharged conduct). However, the court did not address the appropriateness of a Guidelines departure and instead chose to impose a variance sentence, presumably based at least in part on conduct that could have justified a departure under § 5K2.21. While one could argue whether this error is "significant" or not, we need not address this issue at this time since the district court's additional errors discussed below require that Maynor be resentenced.

3

The length and amount of detail of the district court's reasoning depends upon the circumstances. Rita v. United States, 551 U.S. 338 (2007). While a sentencing court is not required to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each factor, the court should set forth enough to satisfy the appellate court that the district court considered the factors and the parties' arguments. See United States v. Moulden, 478 F.3d 652, 657 (4th Cir. 2007). A major departure must be supported by a more significant justification than a minor one, and the court must adequately explain the chosen sentence to permit meaningful appellate review. Gall, 128 S. Ct. at 597.

At Maynor's sentencing, the district court did not explicitly examine the § 3553 factors, either individually or together. The court did not address Maynor's arguments regarding his clean criminal record and the fact that his life was ruined, nor did the court address the Government's argument that the sentence should be crafted to encourage substantial assistance. Instead, the court commented on the corrupt politics of Robeson County and noted that Maynor, as the County Sheriff, should have made greater strides to correct wrongs. The court also stated that Maynor should have come forward sooner and disclosed more information. Finally, the court noted

4

that corruption had infested Robeson County since the 1950's, and it was the duty of the court to address it.

The major portion of the court's discussion of the corrupt politics of Robeson County concerned a time period prior to Maynor's election. Thus, it is unclear how the County's history impacted the § 3553 factors. Next, while the court appropriately noted that Maynor should have behaved differently in office, the court failed to explain how a sentence nearly 300% more than the top of the advisory Guidelines range appropriately reflected this circumstance, given that Maynor had already received a two-level adjustment for abusing a position of public trust.[*] The court also appears to have relied on a perception that Maynor had not completely cooperated with the Government. There is nothing in the record to support this; Maynor's counsel stated, without objection, that Maynor came forward of his own accord, very shortly after the perjury, and provided the Government with information prior to his guilty plea. While the Government referenced further future cooperation, it is not clear to what this referred or whether Maynor was requested to give or could have given this cooperation earlier. Finally, the court's perceived need to

---

[*] We do not hold that a 72-month sentence could not appropriately reflect the consequences of Maynor's failures in office; we note only that the court offered no explanation.

5

right the wrongs that occurred in Robeson County since the 1950's is an inappropriate basis for a variance sentence, since Maynor was indisputably not responsible for any wrongdoing prior to 1994.

While, after the sentencing hearing, the court provided a report checking certain § 3553 factors as the basis for its decision, this report was insufficient to satisfy the court's duty to make an individualized assessment of Maynor's circumstances and provide an explanation of sentence. The court relied on irrelevant and faulty assumptions and failed to tie these assumptions to the § 3553 factors. The large variance in this case required significant analysis that is simply absent. Accordingly, we conclude that the court abused its discretion when imposing sentence and that the court's errors require that Maynor be resentenced.

In addition, Maynor requests a different district court judge on remand based on the court's statements about the history of Robeson County and its stated beliefs regarding Maynor's alleged failure to fully cooperate and other crimes for which Maynor was responsible. We decline to grant this request.

We decline to address the substantive reasonableness of Maynor's sentence at this time, except to note that we express no opinion on an appropriate sentence. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED