**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4290**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

DONALD SCOTT,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  James C. Fox, Senior
District Judge.  (7:07-cr-00054-F-1)

Submitted:  January 29, 2009          Decided:  February 24, 2009

Before MOTZ, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.  George E. B. Holding, United States Attorney, Anne
M. Hayes, Jennifer P. May-Parker, Assistant United States
Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald Scott pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). He was sentenced to the statutory maximum term of 120 months of imprisonment, a sentence within the advisory sentencing guidelines range. Scott appeals his sentence, arguing that the sentence is procedurally and substantially unreasonable. We affirm.

A sentence is reviewed for reasonableness, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007); see also United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008). The appellate court must first determine whether the district court committed any "significant procedural error," Gall, 128 S. Ct. at 597, and then consider the substantive reasonableness of the sentence, applying a presumption of reasonableness to a sentence within the guidelines range. Go, 517 F.3d at 218; see also Gall, 128 S. Ct. at 597; Rita v. United States, 551 U.S. 338, ___, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for within-guidelines sentence).

Scott asserts that the district court failed to explain adequately the reasons for imposing a sentence at the top of the guidelines range. However, "when a judge decides simply to apply the [g]uidelines to a particular case, doing so

2

will not necessarily require lengthy explanation." Rita, 127 S. Ct. at 2468. In this case, the district court provided a sufficient explanation for the sentence imposed and, therefore, made no procedural error.

Scott further asserts that the sentence is substantively unreasonable because the district court failed to give him proper credit for accepting responsibility. Scott argues that this will lead to disparity in sentencing among defendants who plead guilty and accept responsibility, and those who decide instead to go to trial. However, when a sentence is within the guidelines range, a presumption of reasonableness applies. See Rita, 127 S. Ct. at 2462-69; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). Scott has failed to rebut this presumption. We thus find the sentence reasonable.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED