**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4799**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

ANNA LAURA HOWELL,

              Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.   James P. Jones, Chief District Judge.  (1:09-cr-00014-jpj-pms-1)

Submitted:  April 1, 2010          Decided:  April 20, 2010

Before GREGORY and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Appellant. Timothy J. Heaphy, United States Attorney, Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anna Laura Howell pleaded guilty to money laundering, in violation of 18 U.S.C.A. § 1956(a) (2006 & West Supp. 2009), and mail fraud, in violation of 18 U.S.C.A. § 1341 (West Supp. 2009). The district court sentenced Howell to thirty-six months of imprisonment and she now appeals. Finding no error, we affirm.

Howell argues that the district court's sentence is both procedurally and substantively unreasonable. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir.), cert. denied, 130 S. Ct. 290 (2009). In so doing, we first examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the [g]uidelines range, treating the [g]uidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ." Gall, 552 U.S. at 51. Finally, we "then consider the substantive reasonableness of the sentence imposed." Id. This court presumes on appeal that a sentence within a properly calculated advisory guidelines range is substantively reasonable. See United States v. Go, 517 F.3d 216, 218 (4th

2

Cir. 2008); Rita v. United States, 551 U.S. 338, 346-56 (2007) (upholding permissibility of presumption of reasonableness for within guidelines sentence).

Howell first argues that the district court failed to adequately explain the chosen sentence. This court recently reaffirmed, in United States v. Carter, 564 F.3d 325 (4th Cir. 2009), that a district court must conduct an "individualized assessment" of the particular facts of every sentence, whether the court imposes a sentence above, below, or within the guidelines range. Id. at 330. While "[t]his individualized assessment need not be elaborate or lengthy, . . . it must provide a rationale tailored to the particular case at hand and adequate to permit meaningful appellate review." Id. (internal quotation marks and citation omitted). In addition, "[w]here [the parties] present[] nonfrivolous reasons for imposing a . . . sentence [outside the advisory guidelines range,] . . . a district judge should address the party's arguments and explain why he has rejected those arguments." Id. at 328 (internal quotation marks and citation omitted).

We have thoroughly reviewed the record and conclude that the district court provided an adequate statement of reasons for its upward variance from the advisory guidelines range. Moreover, we find that the court explained its rejection of Howell's nonfrivolous arguments for a within-guidelines

3

sentence and, therefore, we also find that the sentence is procedurally reasonable.

Howell next argues that the sentence is substantively unreasonable. However, while we do not accord the presumption of reasonableness to the court's above-guidelines sentence, we conclude that Howell's sentence is also substantively reasonable based on the factors listed by the district court in imposing the variant sentence.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4