**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 09-4463**

─────────────

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

MICHAEL HERNANDEZ,

               Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (5:08-cr-00246-F-1)

─────────────

Submitted:  May 18, 2010          Decided:  June 18, 2010

─────────────

Before NIEMEYER, SHEDD, and DAVIS, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Eric J. Brignac, Research and Writing Specialist, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Hernandez pleaded guilty to possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a) (2006). The district court sentenced Hernandez to 327 months of imprisonment and he now appeals. Finding no error, we affirm.

Hernandez argues that the sentence is procedurally unreasonable. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir.), cert. denied, 130 S. Ct. 290 (2009). In so doing, we first examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the [g]uidelines range, treating the [g]uidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ." Gall, 552 U.S. at 51. Finally, we "then consider the substantive reasonableness of the sentence imposed." Id. This court presumes on appeal that a sentence within a properly calculated advisory guidelines range is substantively reasonable. See United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008); Rita v. United States, 551 U.S. 338,

2

346-56 (2007) (upholding permissibility of presumption of reasonableness for within guidelines sentence).

Hernandez argues that the district court failed to adequately explain the chosen sentence. In United States v. Carter, 564 F.3d 325 (4th Cir. 2009), this court reaffirmed that a district court must conduct an "individualized assessment" of the particular facts of every sentence, whether the court imposes a sentence above, below, or within the guidelines range. Id. at 330. While "[t]his individualized assessment need not be elaborate or lengthy, . . . it must provide a rationale tailored to the particular case at hand and adequate to permit meaningful appellate review." Id. (internal quotation marks and citation omitted). In addition, "[w]here [the parties] present[] nonfrivolous reasons for imposing a . . . sentence [outside the advisory guidelines range,] . . . a district judge should address the party's arguments and explain why he has rejected those arguments." Id. at 328 (internal quotation marks and citation omitted).

We have thoroughly reviewed the record and conclude that the district court provided an adequate statement of reasons for its sentence at the high end of the advisory guidelines range. Moreover, we find that the court explained its rejection of Hernandez's nonfrivolous arguments for a sentence at the bottom of the guidelines range and responded to

3

Hernandez's various requests and, therefore, we also find that the sentence is procedurally reasonable.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED