**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 10-4352**

───────────

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

        v.

RICHARD HAYHURST,

            Defendant - Appellant.

───────────

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  Robert E. Maxwell, Senior District Judge.  (2:09-cr-00022-REM-1)

───────────

Submitted: October 29, 2010        Decided: November 15, 2010

───────────

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Katy J. Cimino, Assistant Federal Public Defender, Clarksburg, West Virginia, for Appellant.  Betsy C. Jividen, United States Attorney, Zelda E. Wesley, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Richard Hayhurst pled guilty to possession of firearms by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006). The district court sentenced Hayhurst within the advisory guidelines range to twenty months' imprisonment. Hayhurst appeals his sentence, arguing that the district court erred by denying his request for a downwardly variant sentence. For the reasons that follow, we affirm.

We review the district court's sentence, "whether inside, just outside, or significantly outside the Guidelines range," under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). In conducting this review, we first determine whether the district court committed any "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [2006] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id. at 51. "When rendering a sentence, the district court must make an individualized assessment based on the facts presented," applying the "relevant § 3553(a) factors to the specific circumstances of the case before it." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal

quotation marks and emphasis omitted).  The court must also "state in open court the particular reasons supporting its chosen sentence" and "set forth enough to satisfy" this Court that it has "considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority."  Id. (internal quotation marks omitted).

If the sentence is free from procedural error, we then review it for substantive reasonableness.  Gall, 552 U.S. at 51. "Substantive reasonableness review entails taking into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'"  United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quoting Gall, 552 U.S. at 51).  Even if this Court would have imposed a different sentence, "this fact alone is 'insufficient to justify reversal of the district court.'"  Id. at 474 (quoting Gall, 552 U.S. at 51).

Hayhurst does not dispute that his guidelines range was properly calculated.  He argues that his sentence is substantively unreasonable because the district court refused to downwardly vary from the guidelines range.

We apply an appellate presumption that a sentence imposed within the properly calculated guidelines range is reasonable.  United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008); see Rita v. United States, 551 U.S. 338, 346-56 (2007)

3

(upholding appellate presumption of reasonableness for within-guidelines sentence).  In rejecting Hayhurst's request for a downward variance, the district court considered the § 3553 sentencing factors and determined that they were best served by the imposition of a within-guidelines sentence.  Furthermore, the court emphasized that a variance was not warranted based on Hayhurst's criminal history and the particular circumstances of this case, namely that Hayhurst took the opportunity to steal one of the weapons in question from his neighbors' home when they had called upon him for help during a family emergency. Under these circumstances, we conclude that the district court did not abuse its discretion and that Hayhurst's sentence is reasonable.

For these reasons, we affirm Hayhurst's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4