**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 11-4390**

---

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

KAREEM BLIGEN,

          Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Charleston. Patrick Michael Duffy, Senior District Judge. (2:10-cr-00278-PMD-1)

---

Submitted: December 20, 2011      Decided: January 5, 2012

---

Before SHEDD, DAVIS, and WYNN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Mary Gordon Baker, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant. William N. Nettles, United States Attorney, Sean Kittrell, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kareem Bligen appeals the 151-month sentence imposed after he pled guilty to one count of possession with intent to distribute and distribution of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (West 1999 & Supp 2011). Bligen argues that his sentence is procedurally and substantively unreasonable. Specifically, he contends that the district court erred in treating the U.S. Sentencing Guidelines as mandatory and in sentencing him as a career offender.

This Court reviews a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 47, 51 (2007); United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). In so doing, the Court first examines the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51. The Court then "'considers the substantive reasonableness of the sentence imposed.'" United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008) (quoting Gall, 552 U.S. at 51) (alteration omitted).

There is no dispute that the district court correctly calculated Bligen's Guidelines range. This Court presumes that

2

a sentence imposed within the properly calculated Guidelines range is reasonable. United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008); see Rita v. United States, 551 U.S. 338, 346-56 (2007) (upholding appellate presumption of reasonableness for within-Guidelines sentence). In rejecting Bligen's request for a below-Guidelines sentence, the court considered the § 3553 sentencing factors and determined that they were best served by the imposition of a within-Guidelines sentence.

A district court may deviate from the advisory Guidelines range. Kimbrough v. United States, 552 U.S. 85, 91, 109-10 (2007). Here, the district court expressly informed Bligen of the court's authority to do so during Bligen's change-of-plea hearing. We have reviewed the record and conclude that the district court understood its authority to depart or vary from the Guidelines. Bligen has thus failed to establish grounds for relief as to his first argument.

Bligen's arguments that the court erred in sentencing him as a career offender and that the court imposed a substantively unreasonable sentence are similarly without merit. Bligen acknowledges that he was sentenced as a career offender because he had two previous convictions for controlled substance offenses. Bligen fails to explain how the court erred in sentencing him as a career offender, given that he indisputably meets the criteria for classification as a career offender.

3

Bligen also fails to show how his sentence is substantively unreasonable. His sentence is within the Guidelines range and he has failed to rebut the presumption of reasonableness. Rita, 551 U.S. at 346-56.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED