**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4591**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

ARKADIO DEANGEL OLIVARES-LOPEZ,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, Chief District Judge.  (7:12-cr-00001-D-1)

Submitted:  March 8, 2013            Decided:  April 17, 2013

Before KING, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Arkadio Deangel Olivares-Lopez pled guilty to possessing with intent to distribute five kilograms or more of cocaine and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) (2006) and 18 U.S.C. § 2 (2006). The district court sentenced him to 162 months of imprisonment. On appeal, Olivares-Lopez contends that his sentence is substantively unreasonable. For the reasons that follow, we affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). In so doing, we first examine the sentence for significant procedural error, including failing to calculate (or improperly calculating) the advisory Sentencing Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. Gall, 552 U.S. at 51. When considering the substantive reasonableness of the sentence, we take into account the totality of the circumstances. United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). If the sentence is within the Guidelines range, we presume on appeal that the sentence is reasonable. United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008); see Rita v. United States,

551 U.S. 338, 346–56 (2007) (permitting appellate presumption of reasonableness for within-Guidelines sentence).

Here, Olivares-Lopez was sentenced to a properly calculated advisory Guidelines range sentence. The district court listened to the arguments of counsel and to Olivares-Lopez himself, and expressly considered the § 3553(a) factors. The court adequately explained its decision to sentence Olivares-Lopez within his advisory sentencing range of 135-168 months, and we find no reason not to apply the presumption of reasonableness on appeal. See Go, 517 F.3d at 218. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED