**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4965**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

WILLIAM TYRONE PAYTON,

Defendant – Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.   Peter J. Messitte, Senior District Judge.   (8:06-cr-00341)

Submitted:  November 10, 2008       Decided:  December 8, 2008

Before WILKINSON, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Daniel H. Ginsburg, BENNETT & BAIR, LLC, Greenbelt, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, David I. Salem, Jonathan Su, Assistant United States Attorneys, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Tyrone Payton was convicted by a jury of conspiracy to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 846, 853 (2000), use of a communication device to facilitate a cocaine conspiracy, in violation of 21 U.S.C. § 843(b) (2000), and distribution of 500 grams or more of cocaine, in violation of 21 U.S.C. § 841 (2000), and was sentenced to 292 months in prison. Payton asserts that the district court: (i) violated his Fifth Amendment rights by constructively amending his indictment so he could be convicted based on his marijuana sales; (ii) erred when it admitted evidence of his prior cocaine-related convictions; (iii) erroneously sentenced him as a career offender based, in part, on his prior 18 U.S.C. § 924(c) (2006) conviction; and (iv) erred in refusing to lower his offense level because of his allegedly minor role in the conspiracy of which he was convicted. Finding no reversible error, we affirm.

First, we find that the district court did not constructively amend Payton's indictment. A constructive amendment occurs when the bases for conviction are broadened beyond those charged in the indictment. United States v. Randall, 171 F.3d 195, 203 (4th Cir. 1999). Although this may occur if a district court's jury instructions broaden the possible bases for conviction beyond those presented to the

2

grand jury, United States v. Floresca, 38 F.3d 706, 710 (4th Cir. 1994) (en banc), we conclude that the district court's jury instructions did not constructively amend Payton's indictment. The district court correctly instructed the jury that it could find Payton guilty of the cocaine-related charges in his indictment, regardless of his marijuana dealings, so long as they found he engaged in the cocaine-related conduct with which he was charged.

We also reject Payton's assertion that the district court erred in admitting his prior cocaine-related convictions under Fed. R. Evid. 404(b). Substantial deference is due a district court's evidentiary rulings and reversal may occur only when there has been an abuse of discretion. See General Elec. Co. v. Joiner, 522 U.S. 136, 141 (1997). Rule 404(b) decisions by the district court are discretionary and will not be overturned unless arbitrary or irrational. See United States v. Powers, 59 F.3d 1460, 1464 (4th Cir. 1995).

Because Payton pled not guilty to the crimes with which he was charged, he placed his mental state in issue and the Government was authorized to offer evidence of prior bad acts tending to establish Payton's intent and knowledge regarding the cocaine conspiracy. See United States v. Mark, 943 F.2d 444, 448 (4th Cir. 1991) (holding that evidence of prior drug transactions was offered for a proper purpose because

a defendant's knowledge and intent are elements of a § 841 charge and the evidence admitted showed how the defendant obtained the drugs he was charged with selling and that he was "a major cocaine distributor responsible for the transaction at issue").

Since Payton admitted that he was around the cocaine conspiracy with which he was charged, but suggested he was involved in legitimate business transactions or only conspired to sell marijuana, we find that Payton's prior cocaine-related convictions were relevant to establish: (i) his knowledge of the cocaine trade; and (ii) that his intent in the conspiracy was to sell cocaine. See United States v. Hodge, 354 F.3d 305, 312 (4th Cir. 2004) (finding that evidence of other drug transactions was relevant and necessary because it tended to show the existence of a continuing narcotics business and therefore showed that defendant had "knowledge of the drug trade and his intent [was] to distribute the cocaine"); see also United States v. Branch, 537 F.3d 328, 341-42 (4th Cir. 2008) (upholding admissibility of prior conviction for possession with intent to distribute cocaine base as evidence of intent and knowledge in later prosecution for cocaine base possession and distribution).

Although Payton also argues that the probative value of the prior bad acts evidence was substantially outweighed by

4

its prejudicial effect, we conclude that the district court's limiting instruction to the jury, as well as the initial Rule 404(b) notice that was given to Payton by the Government, was sufficient to reduce any prejudicial effect the evidence may have had. See United States v. Queen, 132 F.3d 991, 997 (4th Cir. 1997) (holding that the fear a jury may improperly use Rule 404(b) evidence subsides when the trial judge gives the jury a limiting instruction regarding proper use, and that "the fear of a 'trial by ambush' recedes" when the prosecution has given notice of the evidence to be introduced).[*]

We also find that Payton's sentence is reasonable. See Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for within—Guidelines sentence); United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008) (same). Because Payton possessed two prior convictions for felony controlled substance offenses, we find that the district court did not err in classifying Payton as a career offender under U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1 (2006).

---

[*] Even if the district court erred in admitting Payton's prior bad acts evidence, given the substantial evidence of Payton's guilt in the cocaine conspiracy, we would find that the verdict would have been the same absent any error. See United States v. Williams, 461 F.3d 441, 448-49 (4th Cir. 2006).

5

Additionally, we uphold the district court's decision to deny Payton a two-level downward adjustment in his offense level for his claimed minor role in the conspiracy, pursuant to USSG § 3B1.2 (2006), since "[a] seller possesses a central position in a drug distribution conspiracy," even if he participated in the conspiracy for a relatively brief period of time. See United States v. Brooks, 957 F.2d 1138, 1149 (4th Cir. 1992); see also United States v. Daughtrey, 874 F.2d 213, 218-19 (4th Cir. 1989) (recognizing that simply because a criminal conspiracy participant does not conceive of the conspiracy does not mean that he should be assigned a minor role adjustment if he helped to implement it).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED