**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 07-5056

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

KARL KJ JOHNSON,

        Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Anderson.  G. Ross Anderson, Jr., District Judge.  (8:07-cr-00098-GRA-1)

---

Submitted:  August 29, 2008     Decided:  December 15, 2008

---

Before MICHAEL and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Brian W. Shaughnessy, Washington, D.C., for Appellant.  Kevin F. McDonald, Acting United States Attorney, David C. Stephens, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Karl KJ Johnson was found guilty by a jury of wire fraud under 18 U.S.C.A. § 1343 (West Supp. 2008), and was sentenced to eighty-seven months of imprisonment. On appeal he raises three issues, whether: (1) irrelevant and prejudicial evidence improperly associated him with criminal conduct; (2) his conviction was supported by substantial evidence, and (3) his sentence was imposed in conformance with the advisory Sentencing Guidelines and was disparate from other defendants. For the reasons that follow, we affirm.

First, we find no clear abuse of discretion by the district court by allowing background testimony related to the Government's investigation of complicated financial fraud. United States v. Russell, 971 F.2d 1098, 1104 (4th Cir. 1992). Nor do we find reversible error by the district court under either the hearsay rule, United States v. Love, 767 F.2d 1052, 1063 (4th Cir. 1985), or Fed. R. Evid. 403 and related rules. United States v. Heyward, 729 F.2d 297, 301 n.2 (4th Cir. 1984).

Second, viewing the evidence as required, Glasser v. United States, 315 U.S. 60, 80 (1942), we find there was sufficient evidence to support Johnson's conviction for wire fraud. United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996). The Government proved both elements required to sustain the conviction. See United States v. Curry, 461 F.3d 452, 457 (4th Cir. 2006)

(noting that wire fraud has two essential elements: (1) the existence of a scheme to defraud and (2) use of wire communication in furtherance of that scheme).

Finally, the district court's eighty-seven month sentence was not an abuse of discretion. Gall v. United States, 128 S. Ct. 586, 597 (2007) (stating review standard). Johnson received a sentence within his properly-calculated advisory Sentencing Guidelines range, which is entitled to a presumption of reasonableness. United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008); see Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for within-Guidelines sentence). Johnson has failed to rebut the presumption of reasonableness by showing that the sentence was unreasonable when measured against the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008) factors.

Accordingly, we grant the Government's motion to submit the case on briefs and affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3