**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4703**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAUL ALFREDO ESPINOSA,

Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, Sr., Senior District Judge. (1:06-cr-00359)

Submitted: September 30, 2008      Decided: December 16, 2008

Before MOTZ, TRAXLER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John J. Korzen, WAKE FOREST UNIVERSITY SCHOOL OF LAW, Winston-Salem, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, L. Patrick Auld, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Raul Espinosa appeals his conviction and 262-month sentence after he pled guilty to possession with intent to distribute twenty-five kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000). Espinosa's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court erred by denying Espinosa's motion to withdraw his guilty plea and whether the sentence is reasonable. Espinosa was informed of his right to file a pro se supplemental brief but has not done so. Finding no reversible error, we affirm.

Counsel first challenges the district court's denial of Espinosa's motion to withdraw his guilty plea, contending that Espinosa did not enter his guilty plea knowingly and voluntarily because he relied on improper advice from counsel based on the evidence obtained during an allegedly illegal search. Counsel also argues that, in light of the illegal search, Espinosa is legally innocent. Next, counsel contends that the assistant federal public defender who represented

Espinosa during the plea proceedings provided ineffective assistance by failing to file a motion to suppress.[*]

Withdrawal of a guilty plea is not a matter of right. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). The defendant bears the burden of showing a "fair and just reason" for the withdrawal of his guilty plea. Fed. R. Crim. P. 11(d)(2)(B). "[A] 'fair and just' reason . . . is one that essentially challenges . . . the fairness of the Rule 11 proceeding . . . ." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc). An appropriately conducted Rule 11 proceeding, however, "raise[s] a strong presumption that the plea is final and binding." Id. at 1394.

Here, the district court applied the factors courts must consider in determining whether to permit withdrawal of a guilty plea. See Ubakanma, 215 F.3d at 424. Our review of the record convinces us that the district court did not abuse its discretion in denying Espinosa's motion to withdraw. United

---

[*]To the extent that Espinosa raises an ineffective assistance of counsel claim unrelated to the withdrawal of his guilty plea, such claim should be raised in a motion under 28 U.S.C.A. § 2255 (West Supp. 2008), and not on direct appeal, unless the record conclusively shows that counsel was ineffective. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). Here, the record does not demonstrate conclusively counsel's ineffectiveness.

3

States v. Dyess, 478 F.3d 224, 237 (4th Cir. 2007) (stating standard of review). We therefore affirm the conviction.

Counsel also questions whether Espinosa's 262-month sentence is reasonable. This court reviews the sentence imposed by the district court for abuse of discretion. Gall v. United States, 128 S. Ct. 586, 597 (2007). If the appellate court concludes that the sentence is "procedurally sound," the court then considers the substantive reasonableness of the sentence. Id. This court presumes that a sentence imposed within the properly calculated guidelines range is reasonable. United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008); see Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for within—Guidelines sentence).

In light of Gall, we find that Espinosa's sentence is reasonable. First, the district court committed no procedural error, appropriately treating the guidelines as advisory and considering the guidelines range and the factors in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008), before imposing a 262-month prison term, a sentence at the bottom of the guidelines range. Applying the presumption of reasonableness and finding that Espinosa has failed to rebut the presumption on appeal, we conclude that his 262-month sentence is reasonable. See Go, 517 F.3d at 218; see also Rita, 127 S. Ct. at 2462-69.

4

In accordance with <u>Anders</u>, we have reviewed the record for any meritorious issues for appeal and have found none. Thus, we affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>