**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4625**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

JECOBE ANTWAN FLOYD,

          Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:07-cr-00127-RJC-1)

Submitted: January 13, 2009      Decided: January 15, 2009

Before WILLIAMS, Chief Judge, and TRAXLER and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Claire J. Rauscher, Executive Director, Ann L. Hester, Cecilia Oseguera, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Adam Christopher Morris, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jecobe Antwan Floyd appeals his conviction and sentence imposed for possession of a firearm by a convicted felon. Floyd's counsel has filed an appeal under Anders v. California, 386 U.S. 738 (1967), raising the issue of whether Floyd's sentence was procedurally and substantively reasonable. The Government declined to file a brief. Floyd has not filed a pro se supplemental brief. Finding no error, we affirm.

Counsel raises the issue of whether the district court committed procedural or substantive error in determining Floyd's sentence, but concludes that there was no sentencing error. A sentence is reviewed for abuse of discretion with the review encompassing both procedural soundness and substantive reasonableness. Gall v. United States, 128 S. Ct. 586, 597 (2007). Floyd's counsel questions whether the court erred in failing to mention one of the sentencing factors enumerated in 18 U.S.C. § 3553(a) (2006). However, the court was not required to list every § 3553(a) factor in fashioning Floyd's sentence, see United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006), cert. denied, 127 S. Ct. 3044 (2007), and the record reflects that the court listened to Floyd's arguments and properly considered both the proffered evidence and the § 3553(a) factors.

Next, counsel raises whether Floyd's 52-month sentence was greater than necessary to comply with § 3553(a). The properly calculated Guidelines range was 46 to 57 months. A sentence within the Guidelines range is presumptively reasonable. The record reveals that the court considered the § 3553(a) factors and there is no indication that the district court abused its discretion in fashioning the sentence. Applying a presumption of reasonableness to the Guidelines sentence, see United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008); see also Rita v. United States, 127 S. Ct. 2456, 2467-68 (2007) (upholding presumption of reasonableness for within-Guidelines sentence), we conclude that Floyd cannot rebut the presumption of reasonableness and that his sentence is reasonable.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Floyd's conviction and sentence. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral

3

argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED