**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4487**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

DIONNE JAY LEWIS,

             Defendant - Appellant.

Appeal from the United States District Court for the Northern
District of West Virginia, at Clarksburg.  Irene M. Keeley,
District Judge.  (1:07-cr-00090-IMK-JSK-1)

Submitted:  May 21, 2009            Decided:  May 26, 2009

Before MOTZ, TRAXLER, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

L. Richard Walker, Assistant Federal Public Defender,
Clarksburg, West Virginia, for Appellant.  Sharon L. Potter,
United States Attorney, Zelda E. Wesley, Assistant United States
Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dionne Lewis was convicted on a straight-up guilty plea of possession with intent to distribute crack cocaine, in violation of 18 U.S.C. § 841(a)(1) (2006) (Count One), and distribution of crack cocaine, in violation of 18 U.S.C. § 841(b)(1)(C) (2006) (Counts Two and Three). The district court sentenced Lewis to sixty-eight months' imprisonment on each count, to be served concurrently, and three years of supervised release on each count, to be served concurrently. Lewis appeals, claiming his sentence is unreasonable because it was based upon facts found at sentencing that were not admitted by Lewis and not found by a jury beyond a reasonable doubt, which increased his sentence in violation of the Sixth Amendment and Apprendi v. New Jersey, 530 U.S. 466 (2000). Specifically, he asserts error in the district court's determination of relevant drug conduct of between thirty-five and fifty grams of crack cocaine. We affirm.

Lewis' claim is foreclosed by United States v. Booker, 543 U.S. 220 (2005), and its progeny. After Booker, courts still must calculate the applicable guideline range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the guidelines and § 3553(a). See Gall v. United States, 128 S. Ct. 586, 596 (2007). We will review a sentence for reasonableness under an

2

abuse-of-discretion standard regardless of whether the sentence imposed is inside or outside of the guidelines range.  Id. at 591; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). Under an advisory guidelines scheme, a district court does not violate the Sixth Amendment by making factual findings as to sentencing factors by a preponderance of the evidence as long as the fact-finding does not enhance the sentence beyond the maximum term specified in the substantive statute.  See United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005) (holding that "Booker does not in the end move any decision from judge to jury, or change the burden of persuasion") (internal quotation marks omitted).  District courts are authorized and required to make factual determinations relative to sentencing.  See Rita v. United States, 127 S. Ct. 2456, 2465-66 (2007) (noting that the Supreme Court's "Sixth Amendment cases do not automatically forbid a sentencing court to take account of factual matters not determined by a jury and to increase the sentence in consequence.").

Here, the district court properly calculated the applicable Guidelines range, taking into consideration the facts set forth in the Presentence Investigation Report, as well the testimony and credibility of six witnesses who testified at sentencing, in its determination that Lewis was responsible for

3

between thirty-five and fifty grams of crack cocaine.[*] After calculating an advisory guideline range, the district court fully considered the factors set forth in 18 U.S.C. § 3553(a) (2006), as required by law, and sentenced Lewis to a within guidelines sentence, which is entitled to a presumption of reasonableness on appeal. United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008); Rita, 127 S. Ct. at 2465. We find no error in the district court's determination of Lewis' sentence and find no merit to Lewis' Sixth Amendment argument.

Accordingly, we deny Lewis' motion to file a pro se brief, and affirm Lewis' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] We will not review the district court's determinations as to the credibility of witnesses. See United States v. Locklear, 829 F.2d 1314, 1317 (4th Cir. 1987).

4