**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4252**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

BRANDON LEE BASS,

              Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Chief District Judge. (1:08-cr-00182-JAB-3)

Submitted: August 26, 2009      Decided: September 1, 2009

Before TRAXLER, Chief Judge, and GREGORY and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Stacey D. Rubain, QUANDER & RUBAIN, P.A., Winston-Salem, North Carolina, for Appellant. Angela Hewlett Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Lee Bass pled guilty pursuant to a written plea agreement to bank robbery with a dangerous weapon, 18 U.S.C. § 2113(d) (2006), and carrying and using a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii) (2006). He was sentenced to 125 months' imprisonment. Bass' counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal. Although advised of his right to file a supplemental pro se brief, Bass has not done so. Finding no reversible error, we affirm.

In the absence of a motion to withdraw a guilty plea in the district court, we review for plain error the adequacy of the guilty plea proceeding under Fed. R. Crim. P. 11. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Our examination of the record shows that the district court fully complied with the requirements of Rule 11. Further, Bass' plea was knowingly, voluntarily, and intelligently entered, and supported by a factual basis.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, ____, 128 S. Ct. 586, 597 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). We conclude that Bass' sentence is both procedurally and substantively

2

reasonable. The district court properly calculated Bass' Guidelines range, treated the Guidelines as advisory, and considered the applicable 18 U.S.C. § 3553(a) (2006) factors. See United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). Moreover, the district court's sentence was based on its "individualized assessment" of the facts of the case. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). Last, Bass' within-guidelines sentence is presumptively reasonable on appeal, United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008), and Bass has not rebutted that presumption. See United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (stating presumption may be rebutted by showing sentence is unreasonable when measured against the § 3553(a) factors). Thus, the district court did not abuse its discretion in imposing the chosen sentence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Bass' convictions and sentence. This court requires that counsel inform Bass, in writing, of the right to petition the Supreme Court of the United States for further review. If Bass requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof

was served on Bass.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED