**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 09-4732

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MIGUEL LOPEZ-RAMIREZ, a/k/a Fernando Miranda,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, Senior District Judge. (3:09-cr-00062-REP-1)

Argued: May 12, 2010              Decided: June 15, 2010

Before WILKINSON and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge

Affirmed by unpublished per curiam opinion.

**ARGUED:** Caroline Swift Platt, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Stephen David Schiller, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee. **ON BRIEF:** Michael S. Nachmanoff, Federal Public Defender, Alexandria, Virginia, Mary E. Maguire, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Miguel Lopez-Ramirez (Miguel) challenges the substantive reasonableness of the fifty-nine month sentence imposed by the district court following his guilty plea to the charge of illegally reentering the United States following the commission of a felony and removal, 8 U.S.C. §§ 1326(a) and (b)(1). We affirm.

I

Miguel is a citizen of Mexico. He unlawfully entered the United States in April 2000, was convicted of assault with bodily injury, resisting arrest, evading arrest, and related counts in Tennessee state court in June 2001, and sentenced to a term of imprisonment of eleven months, twenty-nine days, with fifty percent of the sentence suspended. He was arrested by federal immigration authorities in October 2001 and was removed to Mexico in December 2001.

Sometime in March 2002, Miguel illegally reentered the United States near El Paso, Texas. On July 5, 2002, he was convicted of unlawful possession of a weapon and evading arrest in Tennessee state court and sentenced to thirty days in jail. On July 8, 2002, Miguel was arrested by federal immigration authorities and the previous removal order was reinstated. On

September 24, 2002, pursuant to the reinstated removal order, Miguel was removed to Mexico.

On March 9, 2003, Miguel illegally reentered the United States near Eagle Pass, Texas. On March 11, 2003, he was arrested by United States Border Patrol officers in Brackettville, Texas. For this reentry, Miguel was convicted on October 10, 2003 in the United States District Court for the Western District of Texas of illegally reentering the United States following removal, 8 U.S.C. § 1326(a), a felony, and was sentenced to eight months' imprisonment. On November 10, 2003, Miguel's previous order of removal was reinstated. On November 13, 2003, pursuant to the reinstated removal order, Miguel was removed to Mexico.

At some time in December 2003, Miguel illegally reentered the United States near Laredo, Texas. On January 2, 2004, Miguel was arrested by federal immigration authorities in Eagle Pass, Texas. For this reentry, Miguel was convicted in the United States District Court for the Western District of Texas of illegally reentering the United States following removal, 8 U.S.C. § 1326(a), and was sentenced to twenty-one months' imprisonment, with three years of supervised release.[1] After

_____

[1] Based on the criminal conduct that followed this § 1326(a) conviction, Miguel is facing the revocation of his supervised release.

completing his sentence of imprisonment, on February 3, 2006, Miguel's previous order of removal was reinstated. On April 28, 2006, pursuant to the reinstated removal order, Miguel was removed to Mexico.

At some time in February 2008, Miguel illegally reentered the United States near Laredo, Texas. On July 9, 2008, Miguel was arrested by federal immigration authorities in Atlanta, Georgia. On July 17, 2008, Miguel's previous order of removal was reinstated. On August 2, 2008, pursuant to the reinstated removal order, Miguel was removed to Mexico.

In December 2008, Miguel illegally reentered the United States at an unknown location. On February 11, 2009, Miguel was found in the Eastern District of Virginia by federal immigration authorities while he was in the custody of the Sheriff's Office of Chesterfield County, Virginia, awaiting trial for DUI.

On February 17, 2009, a federal grand jury sitting in the United States District Court for the Eastern District of Virginia returned a one-count indictment charging Miguel with illegally reentering the United States following the commission of a felony and removal, 8 U.S.C. §§ 1326(a) and (b)(1). On May 7, 2009, Miguel pleaded guilty to this offense.

In preparation for sentencing, a presentence report was prepared by a United States probation officer. The probation officer concluded that Miguel's total offense level was ten and

his criminal history category was five, which resulted in a sentencing range of twenty-one to twenty-seven months' imprisonment.[2]

At the sentencing hearing on July 24, 2009, neither party objected to the PSR. After considering the presentence report, Miguel's conduct, the factors set forth in 18 U.S.C. § 3553(a), and the advisory Sentencing Guidelines, the district court determined that a sentence within the advisory sentencing range would not serve the purposes of § 3553(a) and therefore elected to impose an upward variance sentence of fifty-nine months' imprisonment. The upward variance sentence was premised on the following findings: (1) Miguel had "shown a remarkable disregard for the law," (J.A. 78); (2) he had been given reasonable treatment under the law and that had not deterred him from violating federal immigration laws; (3) he committed serious crimes while in the United States; and (4) any sentencing disparity resulting in this case was not unwarranted. Miguel

---

[2] The probation officer arrived at the total offense level of ten as follows: base offense level of eight, U.S. Sentencing Guidelines Manual (USSG) § 2L1.2(a), plus four levels for the commission of the instant offense after a prior felony conviction, USSG § 2L1.2(b)(1)(D), and minus two levels for acceptance of responsibility, USSG § 3E1.1(a). Miguel's criminal history category of five was premised on his twelve criminal history points.

noted a timely appeal, challenging the substantive reasonableness of his sentence.

II

We review a sentence for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51, (2007). Our initial review is for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range." Id.

We next "consider the substantive reasonableness of the sentence imposed." Id. At this stage, we "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Id. "If the district court decides to impose a sentence outside the Guidelines range, it must ensure that its justification supports the degree of the variance." United States v. Evans, 526 F.3d 155, 161 (4th Cir.), cert. denied, 129 S. Ct. 476 (2008) (citation and internal quotation marks omitted). This court presumes on appeal that a sentence within a properly calculated advisory sentencing range is substantively reasonable. United States v.

Go, 517 F.3d 216, 218 (4th Cir. 2008); see also Rita v. United States, 551 U.S. 338, 346-56 (2007) (upholding permissibility of presumption of reasonableness for a sentence within the advisory sentencing range).

There is no challenge to the procedural reasonableness of the sentence, so we may proceed directly to the question of substantive reasonableness. In this case, on the one hand, Miguel's fifty-nine month sentence is, percentage-wise, much higher than the high-end of the sentencing range. On the other hand, the district court correctly noted that Miguel has not been deterred by short sentences in the past. In 2008 alone, he twice illegally reentered the United States, and he has illegally entered the United States six times. Even after being twice convicted of illegally reentering the United States and serving time for those offenses, he returned to the United States less than two years after being released from imprisonment. Moreover, Miguel has a series of uncharged immigration violations which resulted in a lower sentencing range, and his criminal history, aside from the immigration violations, is less than stellar. While a district court's sentencing discretion is not unbounded, a sentencing appeal is not an opportunity for the appellate court to substitute its judgment for that of the district court. Here, understandably, the district court concluded that Miguel had demonstrated a

complete disregard for the laws of this country, needed to respect the laws of this country, and needed to be deterred from committing future violations.  Finally, although the fifty-nine month sentence is substantial, it does not create an unwarranted disparity with similarly situated defendants and is well below the ten-year statutory maximum established by Congress.  In short, we find no abuse of discretion in the upward variance sentence imposed by the district court.

AFFIRMED