**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 10-4829**

───────────

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

JULIO SPIRO DIBBI,

                Defendant – Appellant.

───────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:09-cr-00233-NCT-1)

───────────

Submitted:  January 31, 2011         Decided:  February 24, 2011

───────────

Before AGEE and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

William E. West, Jr., Winston-Salem, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Frank J. Chut, Jr., Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Julio Spiro Dibbi pled guilty to aiding and abetting the filing of false tax returns, 26 U.S.C. § 7206(2) (2006) (Count One), and interfering with Internal Revenue Service (IRS) laws, 26 U.S.C. § 7212(a) (2006) (Count Two), and was sentenced at the bottom of his advisory guideline range to a term of thirty months imprisonment. Dibbi appeals his sentence, contending that the district court erred by denying his request for either a departure or variance sentence below the guideline range based on his poor health and advanced age. We affirm.

A district court's refusal to depart below the applicable guidelines range does not provide a basis for appeal under 18 U.S.C. § 3742(a) (2006), "unless the court failed to understand its authority to do so." United States v. Brewer, 520 F.3d 367, 371 (4th Cir. 2008); see United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007) (declining to disturb the district court's post-United States v. Booker, 543 U.S. 220 (2005), sentence where the court understood its ability to depart below the guidelines but declined to exercise such authority).

Dibbi contends on appeal that the district court believed it lacked the authority to depart. However, his argument simply mischaracterizes the court's finding that Dibbi's health and age did not warrant a departure. The record

2

reveals no confusion on the court's part about its authority to depart if circumstances warranted.

With respect to the court's decision not to vary downward, we review a sentence, "whether inside, just outside, or significantly outside the Guidelines range," under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). In conducting this review, we first ensure "that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [2006] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id. at 51. "When rendering a sentence, the district court must make an individualized assessment based on the facts presented," applying the "relevant § 3553(a) factors to the specific circumstances of the case before it." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and emphasis omitted). The court must also "state in open court the particular reasons supporting its chosen sentence" and "set forth enough to satisfy" us that it has "considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." Id. (internal quotation marks omitted).

If the sentence is free from procedural error, we then review it for substantive reasonableness. Gall, 552 U.S. at 51. "Substantive reasonableness review entails taking into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'" United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quoting Gall, 552 U.S. at 51). Even if we would have imposed a different sentence, "this fact alone is 'insufficient to justify reversal of the district court.'" Id. at 474 (quoting Gall, 552 U.S. at 51).

Dibbi does not claim that the district court erred in calculating his guideline range. This court presumes that a sentence imposed within the properly calculated guidelines range is reasonable. United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008); see Rita v. United States, 551 U.S. 338, 346-56 (2007) (upholding appellate presumption of reasonableness for within-guidelines sentence). We conclude that Dibbi has failed to overcome the presumption of reasonableness for his within-guidelines sentence. In rejecting counsel's request for a downward variance, the court considered the § 3553(a) sentencing factors and determined that they were best served by the imposition of a within-guidelines sentence. The court emphasized that a variance was not warranted based on Dibbi's health and age, particularly in light of the seriousness of the offense and the fact that Dibbi continued his criminal conduct

4

over a period of years and tried to cover his crimes by convincing others to lie to the IRS.

Dibbi also claims that the district court failed to exercise its discretion to vary below the guideline range because it improperly considered his status as a naturalized citizen. While national origin, along with race, sex, religion and socio-economic status are not relevant to sentencing, see U.S. Sentencing Guidelines Manual § 5H.10 (2009), the district court did not focus on any of these factors. The court did comment on Dibbi's immigrant background and his seeming ingratitude in breaking the laws of a country that had "treated [him] well." The court made the comments while considering whether Dibbi's conduct warranted a sentence above the guideline range, rather than as a reason for refusing to vary below the range. We conclude that the court's comments did not render the sentence unreasonable.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED