**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———

**No. 10-4437**

———

UNITED STATES OF AMERICA,

               Plaintiff – Appellee,

      v.

MANUEL MANUEL HERNANDEZ, a/k/a Armando Quintero Fernandez,
a/k/a Pedro Macedo Brito, a/k/a Manuel Hernandez Fernandez,

               Defendant - Appellant.

———

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  N. Carlton Tilley,
Jr., Senior District Judge.  (1:09-cr-00198-NCT-1)

———

Submitted:  January 26, 2011      Decided:  March 11, 2011

———

Before MOTZ, SHEDD, and DAVIS, Circuit Judges.

———

Affirmed by unpublished per curiam opinion.

———

Louis C. Allen, III, Federal Public Defender, Mireille P.
Clough, Assistant Federal Public Defender, Winston-Salem, North
Carolina, for Appellant. John W. Stone, Jr., Acting United
States Attorney, Angela H. Miller, Assistant United States
Attorney, Greensboro, North Carolina, for Appellee.

———

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Manuel Manuel Hernandez pleaded guilty to illegally reentering the country after having been deported following a conviction for an aggravated felony, in violation of 18 U.S.C. § 1326(a), (b)(2) (2006). The district court sentenced Hernandez to sixty-four months of imprisonment and he now appeals. Finding no error, we affirm.

Hernandez argues that the sentence is substantively unreasonable. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir.), cert. denied, 130 S. Ct. 290 (2009). In so doing, we first examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the [g]uidelines range, treating the [g]uidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ." Gall, 552 U.S. at 51.

We then "'consider the substantive reasonableness of the sentence imposed.'" United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008) (quoting Gall, 552 U.S. at 51). If the sentence is within the guidelines range, we apply a presumption of reasonableness. United States v. Go, 517 F.3d 216, 218 (4th

2

Cir. 2008); see also Rita v. United States, 551 U.S. 338, 346-59 (2007) (upholding presumption of reasonableness for within-guidelines sentence). "The fact that we might reasonably conclude that a different sentence is appropriate is insufficient to justify reversal of the district court." Go, 517 F.3d at 218 (citation omitted). We have thoroughly reviewed the record and conclude that Hernandez has failed to rebut the presumption we accord on appeal to his within-guidelines sentence.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED