**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4394**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JULIO NOYOLA-CAMPOS,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, District Judge. (5:09-cr-00279-D-1)

Submitted: February 24, 2011      Decided: March 21, 2011

Before GREGORY, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Raleigh, North Carolina; Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. George E.B. Holding, United States Attorney, Jennifer P. May-Parker, Joe Exum, Jr., Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Julio Noyola-Campos pled guilty to illegal reentry, 8 U.S.C. § 1326 (2006), and was sentenced to a term of fifty-four months imprisonment. He appeals his sentence, contending that the district court abused its discretion in sentencing him near the high end of the advisory guideline range. We affirm.

We review a sentence for procedural and substantive reasonableness. Gall v. United States, 552 U.S. 38, 51 (2007). We must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable guidelines range, failing to consider the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2010) factors, or failing to adequately explain the sentence. Id. Noyola-Campos does not claim that any procedural error occurred.

If no procedural error occurred, we then consider the reasonableness of the sentence under an abuse of discretion standard. Id. Noyola-Campos contends that the 16-level increase he received for his previous deportation after being convicted of a firearms offense resulted in an "artificially high" guideline range. However, the range was correctly calculated, as Noyola-Campos conceded at sentencing, and thus is not artificially high. He also claims that the district court abused its discretion by sentencing him at the high end of the range in light of his prior conviction because he was no

2

different from other defendants who reenter after committing a firearms offense. The court explained that deterrence was its chief reason for imposing a sentence toward the high end of the range because Noyola-Campos had not been deterred from illegally returning by his previous federal prosecution.

A sentence imposed within a properly calculated guidelines range enjoys a presumption of reasonableness on appeal. United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008); see Rita v. United States, 551 U.S. 338, 346-56 (2007) (upholding appellate presumption of reasonableness for within-guidelines sentence). We are satisfied that Noyola-Campos has failed to rebut the presumption. We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED