**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 10-4349**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CHARLES EDWARD RHODES,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Chief District Judge. (1:09-cr-00217-JAB-1)

---

Submitted: March 14, 2011      Decided: April 12, 2011

---

Before MOTZ, GREGORY, and WYNN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Kearns Davis, BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD, LLP, Greensboro, North Carolina, for Appellant. John W. Stone, Jr., Acting United States Attorney, Terry M. Meinecke, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Edward Rhodes pled guilty to unlawful possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2006), and was sentenced within the guideline range to a term of fifty-five months of imprisonment. Rhodes appeals his sentence, contending that his sentence should be vacated because (1) the district court failed to recognize its discretion to depart below the advisory guideline range, (2) defense counsel rendered ineffective assistance because he failed to request a departure under U.S. Sentencing Guidelines Manual § 5K2.11 (2009) (Lesser Harms), and (3) resentencing is necessary to allow the district court to reconsider the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2010) sentencing factors in light of McDonald v. City of Chicago, 130 S. Ct. 3020 (2010). We affirm.

Three firearms were found in Rhodes' home when a search warrant was executed there based on reports of drug transactions. Rhodes maintained that he possessed the firearms only for protection after racist graffiti was painted on the rural road in front of his house. At sentencing, he requested a sentence at the low end of the guideline range of 51-63 months.

When a sentencing court refuses to depart below the guideline range, its decision is not appealable unless the court failed to understand its authority to depart. United States v.

2

<u>Brewer</u>, 520 F.3d 367, 371 (4th Cir. 2008). Here, Rhodes never requested a departure. Therefore, we review the sentence under a "deferential abuse-of-discretion standard." <u>Gall v. United States</u>, 552 U.S. 38, 41 (2007). Rhodes does not claim that the district court committed any procedural error. This court presumes that a sentence imposed within a properly calculated guidelines range is substantively reasonable. <u>United States v. Go</u>, 517 F.3d 216, 218 (4th Cir. 2008); <u>see</u> <u>Rita v. United States</u>, 551 U.S. 338, 346-56 (2007) (upholding appellate presumption of reasonableness for within-guidelines sentence). After review of the record, we conclude that Rhodes has failed to overcome the presumption of reasonableness for his within-guidelines sentence.

In a footnote to his first claim of error, Rhodes asserts that his trial attorney was ineffective in failing to request a downward departure. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal unless the record conclusively establishes ineffective assistance. <u>United States v. Richardson</u>, 195 F.3d 192, 198 (4th Cir. 1999). In this case, the record does not conclusively show that Rhodes' counsel was ineffective.

After Rhodes was sentenced, the Supreme Court held, in <u>McDonald v. City of Chicago</u>, 130 S. Ct. 3020, 3050 (2010), that the individual Second Amendment right to bear arms recognized in

3

District of Columbia v. Heller, 554 U.S. 570 (2008), is a fundamental right applicable to the states under the Fourteenth Amendment. Rhodes argues that the district court should have the opportunity to reconsider, in a resentencing hearing, the § 3353(a) factors affecting his sentence in light of McDonald. We conclude that McDonald did not change the legal landscape to the extent that it requires resentencing in Rhodes' case because it merely extended to the states the principle announced in Heller before Rhodes was sentenced.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4