**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4011**

UNITED STATES OF AMERICA,

                  Plaintiff - Appellee,

          v.

ALVIN PHILLIPS,

                  Defendant - Appellant.


Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Richard D. Bennett, District Judge.
(1:09-cr-00033-RDB-1)


Submitted:  April 20, 2011              Decided:  May 17, 2011


Before MOTZ, SHEDD, and DUNCAN, Circuit Judges.


Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Meghan S. Skelton, OFFICE
OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for
Appellant.   Rod J. Rosenstein, United States Attorney,
Christopher Mason, Special Assistant United States Attorney,
Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alvin Phillips was convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006), and was sentenced to seventy-two months in prison. Phillips now appeals, raising two issues. We affirm.

Phillips first contends that the evidence was insufficient to convict him. A jury's verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). "Substantial evidence is that evidence which a 'reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Cardwell, 433 F.3d 378, 390 (4th Cir. 2005) (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)). We review both direct and circumstantial evidence and permit the "[G]overnment the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). We do not review the credibility of witnesses, and we assume the factfinder resolved all contradictions in the testimony in favor of the Government. United States v. Sun, 278 F.3d 302, 313 (4th Cir. 2002).

We hold that the evidence was sufficient to convict Phillips. The testimony of Detectives Lind and Lettau, experienced members of the Baltimore City Police Department, established that Phillips was the only person in a crowd of ten standing outside a bar who did not casually walk away upon seeing Lind's and Lettau's police car. Instead, Phillips, who appeared nervous, began to run in one direction before changing direction and entering the bar. He grasped the front waistband of his trousers the entire time; this behavior is typical of someone who has a gun hidden in his pants. Almost immediately after Phillips entered the bar, Detective Lettau retrieved a firearm from a hole in a wall in the area where Detective Linn had found Phillips crouching. This is a sufficient basis upon which the jury could have reasonably concluded that Phillips, a convicted felon, had secreted the gun in the wall.

We further hold that the sentence is reasonable. Because Phillips was sentenced within his properly calculated Guidelines range of 63-78 months, we presume the sentence to be reasonable. See United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008). We note that the district court carefully applied the 18 U.S.C. § 3553(a) (2006) factors in imposing sentence. We

conclude that Phillips failed to rebut the presumption that his sentence is reasonable.[*]

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] Phillips erroneously claims that the district court imposed a seventy-two-month sentence after stating that a three-year sentence would be appropriate. The court clearly said that a seventy-two-month sentence was appropriate. The court explained that three years of that sentence would run concurrently with a state sentence and that Phillips would then have three years remaining to be served on his seventy-two-month federal sentence.