**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 12-4418**

—————————

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

RANCES ULICES AMAYA, a/k/a Murder, a/k/a Blue,

Defendant - Appellant.

—————————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.   Anthony John Trenga, District Judge.  (1:11-cr-00556-AJT-1)

—————————

Submitted: February 26, 2013        Decided:  March 28, 2013

—————————

Before MOTZ, KING, and DIAZ, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Michael S. Arif, Melissa M. Sanchez, ARIF & ASSOCIATES, PC, Springfield, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, G. Zachery Terwilliger, Michael J. Frank, Assistant United States Attorneys, Alexandria, Virginia, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rances Ulices Amaya was convicted of conspiracy to commit sex trafficking of a child, 18 U.S.C. § 371 (2006), and three counts of sex trafficking of a child, 18 U.S.C. § 1591 (2006). The charges related to Amaya's participation in an organization that recruited and prostituted underage girls for profit. He received a within-Guidelines sentence of sixty months for conspiracy and 600 months on each of the three § 1591 violations. The sentences run concurrently. Amaya now appeals, claiming that his sentence is unreasonable. We affirm.

We review a sentence for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We first examine the sentence for "significant procedural error." Id. We then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). If the sentence is within the properly calculated Guidelines range, we may presume that the sentence is reasonable. United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008).

Amaya claims that his sentence exceeded the purposes of sentencing and was greater than necessary under 18 U.S.C. § 3553(a) (2006). Specifically, he contends that the district court failed to consider what he maintains was his minimal role

2

in the conspiracy and the fact that other members of the organization received significantly lower sentences.

We find Amaya's claims to be without merit. The district court provided a lengthy, comprehensive explanation of the chosen sentence. The court found that Amaya's role in the offense was "essential if not dominating." Among other things, Amaya helped to recruit under-age girls for prostitution, had sex with the girls "to test them out," assisted in recruiting their clients, supplied drugs, alcohol, and condoms to the girls, and shared in the proceeds of the operation. Additionally, Amaya served as the "muscle" in the conspiracy, using force and intimidation to ensure that the victims complied with the rules of the organization and carrying weapons in order to ensure that clients behaved appropriately.

Among the factors to be considered when imposing sentence is "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6) (2006). We reject Amaya's contention that his sentence is unreasonable because it is disproportionate to the sentences of others in the prostitution ring. At sentencing, the court observed that Amaya was not comparable to Alonso Bruno Cornejo

3

and Alexander Rivas.[*] First, Amaya's criminal history score (category VI) was higher than that of both Cornejo (category I) and Rivas (category V). Second, Amaya was older than Cornejo and Rivas. Finally, while Amaya, Cornejo and Rivas performed some of the same roles within the organization, Amaya had the additional, unique and critical role of intimidating both customers and workers. The district court correctly concluded that Amaya was not similarly situated to Rivas and Cornejo. See United States v. Chandia, 675 F.3d 329, 342 (4th Cir.) ("comparing the sentences of other defendants with dissimilar offenses, circumstances, and criminal histories is unavailing"), cert. denied, 133 S. Ct. 609 (2012).

Our review of the record establishes that Amaya's arguments on appeal are without merit and that his sentence is procedurally and substantively reasonable. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the

---

[*] A third member of the organization, Henry Herrera, is not an appropriate comparator because he was sentenced in state court. See United States v. Docampo, 573 F.3d 1091, 1102 (11th Cir. 2009) ("Section 3553(a)(6) addresses unwarranted sentence disparities among federal defendants who are similarly situated instead of disparate federal and state sentences.").

material before the court and argument would not aid the decisional process.

AFFIRMED