**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4717**
_____

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

       v.

JOEY LAMAR WHITE, a/k/a Little Joey, a/k/a Black, a/k/a
Savage,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Elizabeth City.   Louise W.
Flanagan, District Judge.  (2:11-cr-00028-FL-1)

_____

Submitted:  June 12, 2013                 Decided:  June 26, 2013

_____

Before NIEMEYER, DAVIS, and KEENAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Charles Burnham, Eugene Gorokhov, Ziran Zhang, BURNHAM &
GOROKHOV, PLLC, Washington, D.C., for Appellant. Thomas G.
Walker, United States Attorney, Jennifer P. May-Parker,
Kristine L. Fritz, Assistant United States Attorneys, Raleigh,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joey Lamar White appeals the district court's judgment sentencing him to 480 months' imprisonment for conspiracy to distribute and possess with intent to distribute 280 grams of cocaine base in violation of 21 U.S.C. § 846 (2006).  On appeal, White argues that his sentence is substantively unreasonable. We affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard.  Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009).  In so doing, we first examine the sentence for significant procedural error, including failing to calculate (or improperly calculating) the advisory Sentencing Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.  Gall, 552 U.S. at 51.  When considering the substantive reasonableness of the sentence, we take into account the totality of the circumstances.  United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). If the sentence is within the Guidelines range, we presume on

appeal that the sentence is reasonable.[*]  United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008); see Rita v. United States, 551 U.S. 338, 346–56 (2007) (permitting appellate presumption of reasonableness for within-Guidelines sentence).

We conclude that White's sentence is not substantively unreasonable.  The district court considered all of White's arguments for a more lenient sentence and concluded that White's substantial leadership role in a gang engaged in violent acts weighed against him.  The district court noted White's extensive criminal history as evidence of his disregard for the law and concluded that a high, within-Guidelines sentence was necessary to protect the public from White and to discourage similar offense conduct.  Therefore, we cannot conclude that White's 480-month sentence is greater than necessary to effectuate the § 3553(a) sentencing factors.

Accordingly, we dispense with oral argument because the facts and legal contentions are adequately presented in the

---

[*]  White urges that we disregard the presumption of reasonableness for his case because the Guidelines for drug offenses are not the product of the Sentencing Commission's expertise.  We decline to do so.  See United States v. Mondragon-Santiago, 564 F.3d 357, 367 (5th Cir. 2009) (explaining that, although "district courts certainly may disagree with the Guidelines for policy reasons and may adjust a sentence accordingly . . . if they do not, we will not second-guess their decisions under a more lenient standard simply because the particular Guideline is not empirically-based.").

material before this court and argument will not aid the decisional process.

AFFIRMED