**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4021**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JONATHAN CRADLE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.   Catherine C. Eagles, District Judge.   (1:12-cr-00161-CCE-1)

Submitted:  July 15, 2013          Decided:  August 6, 2013

Before NIEMEYER, AGEE, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen III, Federal Public Defender, Mireille P. Clough, Assistant Federal Public Defender, Winston-Salem, North Carolina, for Appellant.   Ripley Rand, United States Attorney, Randall S. Galyon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jonathan Cradle appeals the district court's judgment sentencing him to thirty-two months' imprisonment. Cradle pled guilty, pursuant to a written plea agreement, to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (2006), and to making a false statement to a federal agent in violation of 18 U.S.C. § 1001 (2006). On appeal, Cradle contends that his sentence is substantively unreasonable. We affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). In so doing, we first examine the sentence for significant procedural error, including failing to calculate (or improperly calculating) the advisory Sentencing Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. Gall, 552 U.S. at 51. When considering the substantive reasonableness of the sentence, we take into account the totality of the circumstances. United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). If the sentence is within the Guidelines range, we presume on appeal that the sentence is reasonable. United States v. Go,

517 F.3d 216, 218 (4th Cir. 2008); see Rita v. United States, 551 U.S. 338, 346-56 (2007) (permitting appellate presumption of reasonableness for within-Guidelines sentence).

Cradle contends that the district court did not give the required weight to the mitigating circumstances that he provided at sentencing, and therefore the district court's within-Guidelines sentence is not entitled to a presumption of reasonableness. Upon review of the record, we conclude that the district court adequately considered Cradle's arguments for a more lenient sentence, weighed them against the nature of his offenses, and arrived at a sentence that was substantively reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

AFFIRMED