**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4826**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

    v.

GREGORY LYNN SANDRETH,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  Frederick P. Stamp, Jr. Senior District Judge.  (5:11-cr-00031-FPS-JES-1)

———————

Submitted: February 19, 2015        Decided: March 4, 2015

———————

Before GREGORY, SHEDD, and HARRIS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Patricia Valentino Kutsch, KUTSCH LAW OFFICES, Wheeling, West Virginia, for Appellant.  William J. Ihlenfeld, II, United States Attorney, Andrew R. Cogar, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory Sandreth pleaded guilty to unlawful possession of a firearm by a drug user, in violation of 18 U.S.C. §§ 922(g)(3), 924(a)(2) (2012). The district court sentenced Sandreth to fifteen months' imprisonment. On appeal, Sandreth argues that the court (1) erroneously applied U.S. Sentencing Guidelines Manual § 2K2.1(b) (2010) and (2) imposed a cruel and unusual sentence. We affirm.

When analyzing challenges to the application of the Sentencing Guidelines, we review questions of fact for clear error and questions of law de novo. United States v. Green, 436 F.3d 449, 456 (4th Cir. 2006). We review the district court's ultimate sentence, however, for abuse of discretion, while presuming that a sentence within the properly calculated Guidelines range is reasonable. United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008) (internal citations omitted). At the same time, we "lack the authority to review [the] court's denial of a downward departure unless the court failed to understand its authority for doing so." United States v. Hackley, 662 F.3d 371, 386 (4th Cir. 2011).

If a prohibited firearms offense involves between three and seven firearms, a district court should increase a defendant's offense level by two. USSG § 2K2.1(b)(1)(A). The court should "count only those firearms that were unlawfully sought to be

2

obtained, unlawfully possessed, or unlawfully distributed." USSG § 2K2.1 n.5. But if the defendant "possessed all . . . [of the] firearms solely for lawful sporting purposes or collection," and did not unlawfully use the firearms, his offense level should be decreased to level six. USSG § 2K2.1(b)(2).

Our review of the record reflects that the district court properly applied § 2K2.1(b). Under § 2K2.1(b)'s plain language, the enhancement applies. Sandreth "unlawfully possessed" the heirloom rifle when he did so as a drug user, and not "all" of his firearms were "solely for lawful sporting purposes or collection."

Similarly, we conclude that the district court did not abuse its discretion by refusing to grant Sandreth a variance. Sandreth received a presumptively reasonable, within-Guidelines sentence. Sandreth's contention that his case falls outside of § 2K2.1's "heartland" simply cannot be squared with the plain language of the statute.

Moreover, as to Sandreth's request for a departure, the district court recognized its authority to depart, but merely elected not to do so. We thus find no reason for reversal in the district court's application of § 2K2.1(b).

Sandreth next argues that his sentence violates the Eighth Amendment. Because Sandreth did not raise this argument before

3

the district court, we review the issue for plain error. See United States v. Olano, 507 U.S. 725, 732 (1993). To establish plain error, Sandreth must show that an error (1) occurred, (2) was plain, and (3) affected his substantial rights. Id. We find no error, plain or otherwise.

The Eighth Amendment bars "cruel and unusual punishments." U.S. Const. amend. VIII. "Punishment is deemed cruel and unusual not only when it is 'inherently barbaric,' but also when it is disproportionate to the crime for which it is imposed." United States v. Cobler, 748 F.3d 570, 575 (4th Cir. 2014) (quoting Graham v. Fla., 560 U.S. 48, 59 (2010)).

Sandreth contends the court violated the Eighth Amendment by allowing thirty-three months to pass between pronouncing and executing his sentence. The delay occurred while the court awaited the disposition of United States v. Carter, 669 F.3d 411 (4th Cir. 2012), which potentially could have invalidated his conviction. Sandreth cites no authority for the proposition that mere delay in the execution of a sentence may violate the constitution. To the extent we have addressed this issue in the death penalty context, we have rejected it. See Turner v. Jabe, 58 F.3d 924, 933 (4th Cir. 1995) (Luttig, J. concurring) (calling such a claim "a mockery of our system of justice"). Accordingly, we find no violation.

4

We affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED